[No. 27868-1-I.  Division One.  April 13, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. AKALIH SANDERS, *Appellant.*

*Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michele Shaw, Deputy,* for respondent.

PEKELIS, J. — Akalih Sanders appeals from his juvenile court conviction on one count of malicious mischief in the third degree. Sanders contends that the information filed by the State was constitutionally defective because it failed to provide him with adequate notice of the charged crime. We affirm.

I

On June 8, 1990, Sanders was charged by amended information with third degree malicious mischief. The statute which defines this offense, RCW 9A.48.090, provides:

(1) A person is guilty of malicious mischief in the third degree if he knowingly and maliciously causes physical damage to the property of another, under circumstances not amounting to malicious mischief in the first or second degree.

(2) *Malicious mischief in the third degree is a gross misdemeanor if the damage to the property is in an amount exceeding fifty dollars; otherwise, it is a misdemeanor.*

(Italics ours.)

The information charging Sanders stated in relevant part:

> I, . . ., Prosecuting Attorney for King County in the name and by the authority of the state of Washington, do accuse Akalih Sanders, aka Akila Sanders, of the crime of MALICIOUS MISCHIEF IN THE THIRD DEGREE, committed as follows:
>
> That the respondent Akalih Sanders, aka Akila Sanders, in King County, Washington, on or about 30 August 1989, did knowingly and maliciously cause physical damage to a house, the property of Patricia Weems.

At Sanders' fact-finding hearing, James Mills testified that on August 30, he saw Sanders and another juvenile standing outside a next-door neighbor's home. Sanders was arguing with several youths who were inside the house. During the course of the argument, Sanders began throwing stones and beating the side of the house with "a stick or a metal rod". As a result, a "couple" of shingles broke off from the roof. Mills could not give an estimate as to the value of the damaged shingles. Sanders denied hitting the house. At the close of the hearing, the trial court found Sanders guilty.

## II

On appeal, Sanders challenges for the first time the constitutional sufficiency of the information. He contends that the information was defective because it failed to specify whether a misdemeanor or a gross misdemeanor was charged or allege facts from which such a determination could be made.

Under Const. art. 1, § 22 (amend. 10), CrR 2.1(b), and the Sixth Amendment, a charging document must include every essential statutory and court-imposed element of the charged crime. *State v. Hopper*, 118 Wn.2d 151, 155, 822 P.2d 775 (1992) (citing *State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991)). The purpose of the "essential elements" rule is to apprise an accused of the charged crime so that he or she may prepare a defense. *Kjorsvik*, 117 Wn.2d at 101.

In *Kjorsvik*, the court held that an objection to the sufficiency of an information may be raised for the first time

on appeal, but that the document will be liberally construed in favor of validity. *Kjorsvik*, 117 Wn.2d at 102. Thus, the information will satisfy constitutional requirements if (1) "the necessary facts appear in any form, or by fair construction can . . . be found" on the face of the charging document, and (2) the defendant cannot "show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice". *Kjorsvik*, 117 Wn.2d at 105-06.

Sanders argues that the information failed to sufficiently state whether he was being charged with a gross misdemeanor or misdemeanor. Applying the first prong of the *Kjorsvik* analysis, in order to charge a defendant with the crime of third degree malicious mischief, the information must allege that the accused knowingly and maliciously caused physical damage to the property of another. RCW 9A.48.090(1). If the information contains these essential facts, the misdemeanor level of the crime has been charged. If, however, the information alleges property damage in an amount exceeding $50, the gross misdemeanor has been charged. RCW 9A.48.090(2).

Here, the information charged Sanders with "knowingly and maliciously caus[ing] physical damage to a house". These facts sufficiently describe a crime under the misdemeanor version of third degree malicious mischief. Because the information did not expressly accuse Sanders of committing a gross misdemeanor or allege property damage in an amount greater than the statutory minimum, the logical conclusion is that Sanders was *only* charged with a misdemeanor.

Sanders argues, however, that a reversal of his conviction is required by *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989). There, the defendant was charged with public indecency, a crime defined by statute as a misdemeanor if the alleged victim was over 14 years of age and a gross misdemeanor if the alleged victim was under 14. The charging document did not allege which level of crime the State was charging under nor did it indicate that one of the victims was under the age of 14. *Leach*, 113 Wn.2d at 684. On

review, the Supreme Court reversed the defendant's gross misdemeanor conviction, holding that the failure to charge the offense in the language of the statute and include the essential fact of the victim's age rendered the charging document constitutionally insufficient. *Leach*, 113 Wn.2d at 690.

The principle established in *Leach* should not be applied to these facts. There, the defendant was convicted of the *gross misdemeanor* offense without being notified that the State was charging him with that crime. In contrast, the information here charged Sanders in the language of the misdemeanor. Furthermore, the evidence at trial supported the conclusion that he was only guilty of the misdemeanor version of the statute. The State presented no testimony regarding the dollar amount of the damage to the house. Absent such proof, Sanders simply could not have been convicted of the gross misdemeanor. We therefore conclude that when given a fair construction, the information sufficiently apprised Sanders of the charged offense, a misdemeanor.

■ Turning briefly to the second prong of *Kjorsvik*, our independent review of the record discloses no prejudice. Sanders' theory of the case had nothing to do with whether he was charged with a gross misdemeanor or a misdemeanor. Rather, his defense was general denial. Under these circumstances, Sanders cannot show that he was prejudiced by any vague or inartful language in the information.

We therefore affirm his misdemeanor conviction.

SCHOLFIELD and AGID, JJ., concur.

Reconsideration denied April 23, 1992.

*Review denied at 119 Wn.2d 1024 (1992).*