[No. 29879-8-I.    Division One.    August 23, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. SHANE MICHAEL VANGERPEN, *Appellant.*

*Jeff Ellis* of *The Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Susan Noonan, Deputy,* for respondent.

KENNEDY, J. — Shane Vangerpen appeals his conviction of attempted first degree murder, claiming that the trial court erred (1) by admitting his incriminating statements in the absence of sufficient independent evidence to establish the corpus delicti and (2) by allowing the State to amend the charging document to charge a higher degree of murder after resting its case. Rejecting Vangerpen's corpus delicti contention but finding that the trial court erred in granting the State's motion to amend the information, we reverse and remand for dismissal of the charge, without prejudice to the State's right to refile the attempted first degree murder charge.

## FACTS

On July 20, 1991, at 2:15 a.m., Officer Nielsen of the Bothell Police Department stopped Vangerpen for speeding. After approaching the vehicle, Officer Nielsen smelled alcohol and asked Vangerpen if he had been drinking. Officer Nielsen also asked Vangerpen for his driver's license. Officer Nielsen testified that he then observed Vangerpen's left hand moving toward the inside of his right leg, where Officer Nielsen thought he saw the butt of a handgun.

Officer Nielsen then "jumped into the car and grabbed the gun from underneath [Vangerpen's] leg". Officer Nielsen testified that the gun was a ".32 caliber" revolver, and that the revolver was "cocked" when he grabbed it.

Officer Nielsen radioed for backup. Officers Stuveland and Lawson responded to the call. Officer Stuveland exited his car, drew his gun, told Vangerpen to turn his car off and ordered him and his passenger to get out of the car and onto the ground.

After Officer Lawson arrived, he handcuffed Vangerpen. At trial, Officer Lawson testified that Vangerpen stated, "I should have killed the cop when I had the chance." Officer Nielsen also testified that Vangerpen stated, "I should have killed him when I had the chance."

Officer Nielsen testified that, after he had advised Vangerpen of his *Miranda* rights, Vangerpen stated that he was planning to kill Officer Nielsen if he asked him about "drink-

ing and driving" and that he cocked his gun ahead of time for that purpose. Officer Nielsen testified that Vangerpen also stated that he should have shot the officer when he approached the car.

Vangerpen was charged by information with attempted murder in the first degree on July 23, 1991.[1] The case went to jury trial on October 21, 1991. At trial, Vangerpen objected to the admission of his incriminating statements to the police officers, arguing that the State had not established the corpus delicti of the crime. The trial court overruled the objection, determining that, as long as the State eventually established the corpus delicti of the crime, then the statements would be admitted.

After the State rested its case, Vangerpen moved to dismiss the charge, arguing that the charging document failed to set out an essential element of attempted first degree murder, specifically premeditation. The trial court denied the motion and allowed the State to amend its information to include the element of premeditation.[2] The amended information setting forth the element of premeditation was filed on October 24, 1991.

The jury returned a verdict of guilty of attempted first degree murder. The trial court denied Vangerpen's motion to arrest judgment. This appeal followed.

---

[1] The information stated that: "the defendant Shane Michael Vangerpen in King County, Washington on or about July 20, 1991, with intent to cause the death of another person did attempt to cause the death of Officer D.C. Nielsen, a human being;

"Contrary to RCW 9A.32.030(1)(a) and 9A.28.020, and against the peace and dignity of the State of Washington.

"And I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the State of Washington further do accuse the defendant SHANE MICHAEL VANGERPEN at said time of being armed with a deadly weapon, to-wit: A handgun, under the authority of RCW 9.94A.125."

[2] Vangerpen does not appeal the trial court's denial of this motion to dismiss. Instead, he admits that the information was sufficient to charge attempted second degree murder and argues that this court should reverse and remand for entry of judgment and sentence for attempted second degree murder, if the corpus delicti argument fails.

DISCUSSION

I

Admission of Incriminating Statements

Vangerpen first contends that the trial court erred in admitting his incriminating statements, claiming that there was insufficient evidence of the corpus delicti to corroborate these statements. In Black's Law Dictionary 310 (5th ed. 1979), corpus delicti is defined as the "body or substance of the crime." Before a person can be convicted of a crime, there must be present the corpus delicti; incriminating statements or confessions alone are insufficient as a matter of law to establish the corpus delicti. *State v. Smith*, 115 Wn.2d 775, 780, 801 P.2d 975 (1990). Vangerpen contends that there was no other proof of the corpus delicti in the present case, aside from his incriminating statements, and therefore, reversal is required.

█ Vangerpen is correct that there must be independent evidence beyond the confession in order to establish the corpus delicti. *Smith*, 115 Wn.2d at 780.

> The independent evidence need not be of such character as would establish the *corpus delicti* beyond a reasonable doubt, or even by a preponderance of the proof. *It is sufficient if it prima facie establishes the corpus delicti.*
> In this context, "prima facie" means that there is "evidence of sufficient circumstances which would support a logical and reasonable inference" of the facts sought to be proved. . . . "The independent evidence need not [have been] sufficient to support a conviction or even send the case to the jury."

(Citations omitted.) *Smith*, 115 Wn.2d at 781 (quoting *Bremerton v. Corbett*, 106 Wn.2d 569, 574-75, 578-79, 723 P.2d 1135 (1986)).

█ In order to establish the corpus delicti of attempted first degree murder, the State must show that a "*substantial step* [was taken] to criminally end someone's life". (Italics ours.) *Smith*, 115 Wn.2d at 782. To be a substantial step, conduct must be "strongly corroborative of the actor's criminal purpose." *Smith*, 115 Wn.2d at 782 (quoting *State v. Workman*, 90 Wn.2d 443, 451, 584 P.2d 382 (1978)).

In *Smith*, the Washington Supreme Court determined that there was sufficient independent evidence of attempted first

degree murder to establish the corpus delicti because there were several weapons present, including a loaded handgun and semiautomatic weapons, several knives, and digging and burying supplies and the parties, who were illegally parked, also acted nervous and agitated when approached by the police. *Smith*, 115 Wn.2d at 783. In upholding the conviction, the court noted that

> [t]he corpus delicti rule *does not require* that the State prove, absent Smith's confession, that murder had been attempted. . . . [T]he State must produce evidence of sufficient circumstances which would support a *logical and reasonable deduction* that a substantial step (strongly corroborative of criminal purpose) had been taken to criminally end someone's life.

*Smith*, 115 Wn.2d at 783.

In the present case, the State has produced independent evidence which would support a logical and reasonable deduction that a substantial step (strongly corroborative of criminal purpose) had been taken to end someone's life. Here, Vangerpen had a loaded, *cocked*, revolver hidden under his pants leg, which he attempted to reach when asked questions by a police officer after a traffic stop. This is behavior which is highly corroborative of an attempt to effectuate the criminal purpose of firing the gun, a .32-caliber revolver, at the police officer with the intent to end his life. Certainly the weapon was as dangerous as the weapons discovered by the police in *Smith*, perhaps even more so because here the weapon was cocked, concealed and immediately within reach. Moreover, Vangerpen had been stopped for a minor traffic offense. In those circumstances, the reaching for a concealed, loaded and *cocked* gun constitutes extremely suspicious behavior, even more suspicious than the nervous and agitated behavior which was present in *Smith*.

Vangerpen suggests that these facts could support the equally logical alternative inference that he intended simply to assault the police officer, but evidence establishing the corpus delicti need not exclude every reasonable hypothesis consistent with the crime not having occurred. *Bremerton v. Corbett*, 106 Wn.2d at 578.

■ In *Corbett*, the Supreme Court held that the mere presence of other persons in a vehicle at the scene of an accident, although consistent with their having driven the vehicle, did not prevent the establishment of the corpus delicti of another person, its registered owner who was seen driving the car shortly before the accident, driving the vehicle while intoxicated. *Corbett*, 106 Wn.2d at 579. Thus, the State need not show that assault was presumptively excluded if the evidence supports a logical and reasonable deduction that there was an attempted first degree murder. Instead, the court must examine the evidence in the light most favorable to the State, assuming the truth of the evidence and all reasonable inferences therefrom, for purposes of the review. *Corbett*, 106 Wn.2d at 571.

Although the issue was not addressed in *Smith*, appellant also contends that there must be corroborative evidence of *each element* of the crime to be proved and claims that the evidence in this case is insufficient to establish the corpus delicti of the premeditation element of attempted first degree murder. Washington cases have strongly suggested that there must be corroborating evidence of every element of a crime to establish the corpus delicti. *See, e.g., Bremerton v. Corbett*, 106 Wn.2d at 578 (in which the court declined the invitation to reexamine its adherence to the rigid rule requiring independent proof of all elements of the corpus delicti in favor of a more flexible rule for corroborating confessions) and *State v. Cobelli*, 56 Wn. App. 921, 925, 788 P.2d 1081 (1989) (corpus delicti of intent element must be established in order to convict for possession with intent to deliver marijuana). Moreover, the United States Supreme Court has held that evidence corroborating a confession is required for all elements of an offense established by admissions alone in order to provide the corpus delicti. *Smith v. United States*, 348 U.S. 147, 156, 99 L. Ed. 192, 75 S. Ct. 194 (1954).

■ Assuming that there must be corroborative evidence of the premeditation element, we still find the evidence sufficient for that purpose. Premeditation here may logically and reasonably be inferred from the facts that the officer fol-

lowed appellant in his vehicle for some time and, by the time the officer was able to see into the vehicle, the gun was fully loaded and *cocked*. It is unusual for a person to drive a motor vehicle with a loaded and cocked gun beneath his or her leg. This suggests that the gun, even if already loaded, may have been cocked between the time the car was stopped and the time that the officer approached the vehicle, leading to an inference of premeditation. *See State v. Shirley*, 60 Wn.2d 277, 279, 373 P.2d 777 (1962) (The time necessary to find premeditation may be very short provided that it is an appreciable period of time in order to deliberate on the killing.).

We hold that the evidence in this case is sufficient to establish the corpus delicti of attempted first degree murder.

## II
### Amendment of the Information

Vangerpen next challenges the trial court's decision to allow the State to amend the information to add the element of premeditation after the State had rested its case.

CrR 2.1(e) states that "[t]he court may permit any information . . . to be amended at any time before verdict . . . if substantial rights of the defendant are not prejudiced." *See also State v. Johnson*, 119 Wn.2d 143, 150, 829 P.2d 1078 (1992). A trial court's decision to grant an amendment is reviewed under the abuse of discretion standard. *State v. Collins*, 45 Wn. App. 541, 551, 726 P.2d 491 (1986), *review denied*, 107 Wn.2d 1028 (1987).

Citing *State v. Pelkey*, 109 Wn.2d 484, 491, 745 P.2d 854 (1987), Vangerpen contends that the amendment of an information to charge a greater crime after the State has rested its case is per se an abuse of discretion because this is always prejudicial to the defendant. Vangerpen is correct.

The Supreme Court in *Pelkey* was very clear that an amendment of a charging document after the State has rested its case should be considered prejudicial, except in very limited circumstances.

A criminal charge may not be amended after the State has rested its case in chief unless the amendment is to a lesser

degree of the same charge or a lesser included offense. Anything else is a violation of the defendant's article 1, section 22 right to demand the nature and cause of the accusation against him or her. Such a violation necessarily prejudices this substantial constitutional right, within the meaning of CrR 2.1(e).

*Pelkey*, 109 Wn.2d at 491.

Although the State persuasively argues that the appellant in this case was fully aware of the crime with which he was charged and, therefore, no prejudice occurred, the rule announced in *Pelkey*, although technically dicta, was clearly intended to be broadly applied, so that when a midtrial amendment occurs that is not to a lesser included offense, prejudice per se occurs. *See Pelkey*, 109 Wn.2d at 491-92 (Durham, J., concurring) ("[The court] concludes that any such amendment is a per se violation of Const. art. 1, § 22 (amend. 10) . . ..").

We are not persuaded by the State's argument that the Supreme Court has recently reconsidered this per se rule. The State points to footnote 18 at page 103 of the Supreme Court's opinion in *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991), and contends that in the footnote the Supreme Court ameliorated its holding in *Pelkey*, at least by way of implication. Any such interpretation of the footnote must be soundly rejected, however, based on the Supreme Court's subsequent holding in *State v. Markle*, 118 Wn.2d 424, 433, 823 P.2d 1101 (1992):

> The State acknowledges that in *Pelkey* this court held it is automatic reversible error for a trial court to allow the midtrial amendment of an information to include a crime that is neither a lesser included offense nor an offense of lesser degree. The State asks this court to overrule *Pelkey* to the extent of such holding. It argues that indecent liberties ought to be considered a lesser included offense of both first and second degree statutory rape since the differences in statutory elements in these crimes, relating to nonmarriage and knowledge, are immaterial for the purposes of the *Pelkey* requirement. We decline to overrule *Pelkey*, and apply its lesser included offense definition.

We next consider whether the charging document was sufficient to charge attempted first degree murder without the challenged amendment. We hold that it was not. An

information must charge all elements of the crime of which a person is convicted or the conviction will be dismissed. *Kjorsvik*, 117 Wn.2d at 101; *State v. Ashker*, 11 Wn. App. 423, 426, 523 P.2d 949, *review denied*, 84 Wn.2d 1008 (1974), *overruled in part on other grounds in State v. Braithwaite*, 92 Wn.2d 624, 630, 600 P.2d 1260 (1979). Vangerpen contends, and we agree, that the initial document charging appellant failed to include the necessary element of premeditation.

If all elements of the crime charged are not present on the face of the charging document, then even if the defendant was actually aware of all of the elements, reversal is required. *Kjorsvik*, 117 Wn.2d at 97; *State v. Holt*, 104 Wn.2d 315, 320-21, 704 P.2d 1189 (1985).

The State is correct, and it is conceded by Vangerpen, that there is no actual prejudice here because Vangerpen was aware of all of the elements of the crime charged. Thus, the intended effect of the rule, requiring that all elements be in the charging document in order to preserve appellant's constitutional right to be aware of the charges against him, has itself been carried out. Because this is so, the State's argument that the correction of a "mere scrivener's error" (as the State would prefer to characterize the missing element here) should not require reversal and should be correctable when no prejudice has occurred, is compelling. Nevertheless, as improvident as such a rule may be when applied in a situation such as this one, we are bound by *Kjorsvik*, *Pelkey* and *Markle*. We cannot treat the missing element as a mere scrivener's error because, as drafted, the information failed to charge attempted first degree murder. Instead, it charged attempted second degree murder. It is fundamental that an accused cannot be tried for a crime which has not been charged. *Markle*, 118 Wn.2d at 432. *See also State v. Irizarry*, 111 Wn.2d 591, 592, 763 P.2d 432 (1988). Moreover, we cannot affirm on the basis of CrR 2.1(e) because of lack of prejudice. As in *Pelkey* and *Markle*, the amendment in this case violated Vangerpen's rights under the Washington State

Constitution, article 1, section 22. In response to a similar "no prejudice" argument in *Markle*, our Supreme Court said:

> However, [CrR 2.1(e)] operates subject to the limitations of our State's constitutional requirements. *Pelkey*, at 490. Thus, the midtrial amendment in Mr. Markle's case was, under *Pelkey*, reversible error per se *even without a defense showing of prejudice*.

(Italics ours.) *Markle*, 118 Wn.2d at 437.

Vangerpen's admission that there was no prejudice cannot even be considered by this court, let alone provide the basis for an affirmance. We are constrained to reverse. Accordingly, we reverse.

### III
### Remedy on Remand

Vangerpen argues that the appropriate remedy on remand is the entry of a conviction for attempted second degree murder while armed with a deadly weapon and resentencing thereon.

Vangerpen relies upon *State v. Sanders*, 65 Wn. App. 28, 827 P.2d 354, *review denied*, 119 Wn.2d 1024 (1992). In *Sanders*, the appellant was charged with, tried for and convicted of a gross misdemeanor but the information contained only the elements necessary to charge the lesser included misdemeanor. This court concluded that Sanders had only been charged with a misdemeanor. *Sanders*, 65 Wn. App. at 31. Furthermore, the proof at trial supported a conclusion that he was only guilty of a misdemeanor. Accordingly, this court rejected Sanders' argument that, under *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989), the appropriate remedy was dismissal of the charge. We affirmed the misdemeanor conviction (not the gross misdemeanor conviction). *Sanders*, 65 Wn. App. at 32.

Here, in contrast, although the information was sufficient to charge only attempted second degree murder with the deadly weapon enhancement and Vangerpen was tried for and convicted of attempted first degree murder with the deadly weapon enhancement, there was substantial evidence

at the trial from which any rational jury properly could return a verdict of guilty of the higher charge.

Accordingly, the remedy is dismissal without prejudice to the State's right to refile the higher charge. *See State v. Simon*, 120 Wn.2d 196, 199, 840 P.2d 172 (1992). *See also Markle*, 118 Wn.2d at 440-41; *State v. Anderson*, 96 Wn.2d 739, 742, 638 P.2d 1205, *cert. denied*, 459 U.S. 842, 74 L. Ed. 2d 85, 103 S. Ct. 93 (1982); *Leach*, 113 Wn.2d at 691.

We reverse the conviction and remand for dismissal of the charge without prejudice to the State's right to refile the charge of attempted first degree murder with the deadly weapon enhancement.

BAKER and AGID, JJ., concur.

Review granted at 123 Wn.2d 1025 (1994).