[No. 15614-8-II.   Division Two.   March 14, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN P. MATHIS, *Appellant*.

342

*Thomas E. Doyle* and *Robert M. Quillian,* for appellant (appointed counsel for appeal).

*Nelson E. Hunt, Prosecuting Attorney,* and *Ruth E. Vogel, Deputy,* for respondent.

ALEXANDER, J. — John P. Mathis appeals his conviction on one count of third degree rape of a child,[1] contending that the trial court erred in admitting a statement he gave to the police in which he admitted digitally penetrating a 14-year-old child. We affirm.

On May 13, 1991, Mathis was charged by information with two counts of third degree rape of a child.[2] Trial testimony revealed that 14-year-old L.P. and 26-year-old Mathis, who

---

[1]RCW 9A.44.079, rape of a child in the third degree, provides that:

"(1) A person is guilty of rape of a child in the third degree when the person has sexual intercourse with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and the perpetrator is at least forty-eight months older than the victim."

[2]Count 1 was alleged to have occurred on April 19, 1991. Count 2 was alleged to have occurred on April 25, 1991.

both lived in Morton, began "seeing [each other] on a . . . regular basis" in April of 1991. L.P., testifying at trial regarding the incident leading to count 1, stated that she and Mathis had been out "drinking" on the evening of April 19, 1991, and that he then invited her to go to his home with him. She conceded that, after they arrived at his home, Mathis kissed her and put his hands down her underpants. L.P. initially testified that Mathis had not made "contact with her private parts" on this occasion. Later in her direct testimony, however, she indicated that she could not remember whether or not he had done so.

L.P.'s mother, D.P., testified that L.P. did not return home on April 20, 1991, and, consequently, she asked L.P.'s friend if she knew where L.P. was. D.P. learned from the friend that L.P. had gone to Mathis's house. D.P. then drove to Mathis's house to find L.P. and bring her home. D.P. also testified that, 4 or 5 days later, she observed a "hickey" on L.P.'s neck. When asked about the "hickey" by D.P., L.P. admitted that she had received it from Mathis. Finally, D.P. testified that, on the same day she observed the "hickey" on L.P.'s neck, Mathis's two adult roommates brought L.P.'s underpants to D.P., claiming that they had found them at the house they shared with Mathis. D.P. said that she then talked to Mathis on the phone and he said "nothing happened". D.P. indicated that she thought she had advised Mathis of L.P.'s age on April 20.[3]

---

[3]RCW 9A.44.030 states:

"(2) In any prosecution under this chapter in which the offense or degree of the offense depends on the victim's age, it is no defense that the perpetrator did not know the victim's age, or that the perpetrator believed the victim to be older, as the case may be: PROVIDED, That it is a defense which the defendant must prove by a preponderance of the evidence that at the time of the offense the defendant reasonably believed the alleged victim to be the age identified in subsection (3) of this section based upon declarations as to age by the alleged victim.

"(3) The defense afforded by subsection (2) of this section requires that for the following defendants, the reasonable belief be as indicated:

". . . .

"(c) For a defendant charged with rape of a child in the third degree, that the victim was at least sixteen, or was less than forty-eight months younger than the defendant".

Morton Police Officers Mortensen and Seiber testified that they contacted Mathis at his residence on April 23, 1991, in response to a runaway report that D.P. had filed concerning L.P. According to Mortensen, Mathis denied that L.P. was inside the residence. However, after the officers conducted a search of Mathis's home, pursuant to Mathis's consent, they found L.P. inside the house, lying on a bed. The officers testified that they told Mathis on this occasion that L.P. was only 14 years old. According to Mortensen, Mathis initially denied having had sexual contact with L.P. on April 19, but later admitted to digitally penetrating her on that date and having intercourse with her on April 25, 1991.

L.P. also testified about events occurring on April 25, 1991, that led to the charge in count 2. L.P. stated that she and Mathis engaged in intercourse on that date. L.P. testified that, during their relationship, Mathis told her "he wished [she] was older". L.P also indicated that Mathis told her to be quiet about having sex with him and that "if he got caught he'd go to jail for [her]". She indicated that she could not remember ever telling Mathis she was older than 14.

Mathis testified and said that L.P. had told him she was 16 years old.[4] He denied that the Morton police officers told him she was only 14. Finally, Mathis admitted "telling the officer . . . on the May 1st interview . . . that [he] penetrated L.P. with [his] finger on April 19, 1991".

While the jury deliberated, Mathis moved to dismiss count 1, the count relating to events on April 19, 1991. He asserted that the State had failed to present any evidence, other than his admission, to establish the corpus delicti of the charged crime. The State responded, claiming that there was sufficient evidence, independent of Mathis's statement, to establish the corpus delicti. It also argued that Mathis waived his right to move for a dismissal of count 1 because he (1) testified and confirmed the truth of his prior confes-

---

[4]Two additional witnesses confirmed that L.P., on different occasions (once in the presence of Mathis), stated that she was 16 years old.

sion, and (2) failed to raise the issue prior to the admission of his confession. The trial judge reserved ruling on the motion. The jury found Mathis guilty of both charges.

After the verdict, but before sentencing, Mathis moved for a judgment non obstante veredicto (JNOV) or a new trial, based on his contention that the State presented no evidence, other than his admission, that he penetrated L.P. on April 19, 1991. The trial court denied Mathis's motions and sentenced him to 31 months in prison.

Mathis appeals his conviction only on count 1. He claims that the trial court erred in denying his motion for JNOV and for a new trial. His basic contention is that the State did not present sufficient evidence, independent of his statements to the Morton police officers, of the corpus delicti of the crime (*i.e.*, penetration of the 14-year-old child) and that, therefore, there was insufficient evidence to support his conviction.

The State responds that Mathis is precluded from predicating his appeal on the lack of evidence to corroborate his admissions to the police, because Mathis failed to raise the admissibility of his confession until after it was admitted and the jury was deliberating. Even assuming Mathis is correct in his contention that he did not waive his right to challenge the sufficiency of the evidence, we conclude that there was no error by the trial court. In reaching our decision, we note that Mathis's argument has two parts. First, he contends that the State did not present sufficient evidence, independent of his statements to the Morton police officers, to establish the corpus delicti of count 1 and that, therefore, his confession was not admissible and should not be considered in determining if sufficient evidence exists to support the verdict. The second part of his argument is that the evidence, absent his confession, is insufficient to support what is implicit in the jury's finding (*i.e.*, that Mathis penetrated L.P.).

█ █  The corpus delicti or "body or substance of the crime" rule was adopted to protect an accused from being

convicted based solely on a false confession and to protect an accused against confessions secured through police abuse. *State v. Vangerpen*, 71 Wn. App. 94, 98, 856 P.2d 1106 (1993); *Bremerton v. Corbett*, 106 Wn.2d 569, 576-77, 723 P.2d 1135 (1986). To satisfy the corpus delicti rule, the State must show that a crime has been committed. *State v. Thompson*, 58 Wn.2d 598, 604, 364 P.2d 527 (1961), *cert. denied*, 370 U.S. 945 (1962). Corpus delicti normally encompasses (1) an injury or loss, and (2) someone's criminal act as the cause thereof. However,

> [t]he confession of a person charged with the commission of a crime is not sufficient to establish the *corpus delicti*, but if there is *independent proof* thereof, such confession may then be considered in connection therewith and the *corpus delicti* established by a combination of the independent proof and the confession.
>
> The independent evidence need not be of such a character as would establish the *corpus delicti* beyond a reasonable doubt, or even by a preponderance of the proof. *It is sufficient if it prima facie establishes the corpus delicti.*

*State v. Smith,*115 Wn.2d 775, 781, 801 P.2d 975 (1990) (quoting *Corbett*, 106 Wn.2d at 574-75). In this context prima facie requires that there be sufficient circumstances which would support a logical and reasonable deduction of the facts sought to be proved. *Smith*, at 781. This court, on review, will examine the truth of the State's evidence and all reasonable inferences therefrom in the light most favorable to the State. *Corbett*, 106 Wn.2d at 571.

While Mathis is correct in stating that the corpus delicti may not be established solely based on an accused's confession, we believe that there was sufficient evidence, independent of Mathis's statements to the police, to prima facie establish the corpus delicti of the crime charged in count 1 of the information. Significantly, during his case in chief, Mathis testified and confirmed that he had made statements to Morton police officers in which he admitted that he had digitally penetrated L.P. on April 19, 1991. That evidence, combined with the testimony of L.P. that Mathis kissed her, put his hands down her underpants, and allowed

her to sleep overnight at his house on April 19, was sufficient to establish the corpus delicti of the crime, independent of the officers' testimony concerning Mathis's statements made to them. We recognize that ordinarily, a trial court would not have the defendant's testimony before it when determining if the corpus delicti of the crime had been established, since a motion to dismiss is normally raised at the close of the State's case in chief. Mathis, however, did not, as we have noted, assail the sufficiency of the evidence until after he had testified. Indeed, he did not raise the issue until the jury was deliberating on a verdict. It was, therefore, appropriate for the trial court to consider all of the evidence that was before it in determining if the corpus delicti of the crime was established.

Having concluded that the corpus delicti was established, we must next determine if all of the evidence, including Mathis's admissions, supports the jury's verdict after being viewed in a light most favorable to the prosecution. *State v. Chapin*, 118 Wn.2d 681, 691, 826 P.2d 194 (1992). The test to determine whether a challenge to the sufficiency of the evidence is meritorious is set forth in *Chapin*. Under *Chapin*, the standard is "whether, when the evidence is so viewed, any rational trier of fact could have found the element[] of the crime [that Mathis penetrated L.P. on April 19] established beyond a reasonable doubt." *Chapin*, at 691. The evidence was sufficient.

Affirmed.

MORGAN, C.J., and HOUGHTON, J., concur.

Review denied at 124 Wn.2d 1018 (1994).