[No. 60924-1.   En Banc.   February 9, 1995.]

THE STATE OF WASHINGTON, *Petitioner*, v. SHANE MICHAEL VANGERPEN, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman, Senior Deputy,* for petitioner.

*Jeff Ellis* of *Seattle-King County Public Defender Association,* for respondent.

ANDERSEN, J.* —

## FACTS OF CASE

This case involves the validity of an amendment to a criminal charging document. The State had intended to charge the Defendant, Shane Michael Vangerpen, with attempted murder in the first degree. The criminal charge arose out of an incident which occurred on July 20, 1991. At 2:15 a.m., Officer Drew Nielsen, a Bothell police officer, stopped the Defendant for speeding. After approaching the car, the officer smelled alcohol and asked the Defendant if he had been drinking. The officer testified that he saw Defendant's left hand moving quickly toward the inside of his right leg where the officer thought he saw the butt of a gun. The officer reached into the

---

*Judge James A. Andersen is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amend. 38).

car and grabbed the gun from underneath Defendant's leg. The officer testified that the gun was a .32-caliber revolver and that it was loaded and cocked when he grabbed it.

Officer Nielsen radioed for backup and officers Stuveland and Lawson arrived. All three officers testified that just after the suspect exited the car, they heard the Defendant say that he should have killed the cop when he had the chance. Officer Nielsen testified that sometime later, after he had advised the Defendant of his *Miranda* rights, the Defendant stated that he had been going to kill the officer with the gun if the officer talked to him about drinking and driving.

The charging document, an information, stated that the Defendant was charged with "attempted murder in the first degree" and the information cited to the statutes defining that crime, RCW 9A.32.030(1)(a) and RCW 9A.28.020. However, the prosecutor inadvertently omitted the statutory element of premeditation and therefore, although the charging document purported to charge "attempted murder in the first degree", the information failed to contain all the essential elements of that crime.

The Defendant's trial commenced on October 22, 1991, and concluded on October 24, 1991. Immediately after the State rested its case, the defense made a motion to dismiss based upon lack of evidence of premeditation. The trial court denied the motion, finding there was sufficient evidence of premeditation for the issue to go to the jury. The defense then rested without presenting any witnesses. The defense then moved to dismiss based upon the insufficiency of the information because it failed to allege the element of premeditation.

The prosecuting attorney agreed that premeditation should have been alleged in the charging document and moved to amend the information to include that element. The defense pointed out that under our *Pelkey* case,[1] the State was prohibited from amending an information after the State had

---

[1]*State v. Pelkey*, 109 Wn.2d 484, 745 P.2d 854 (1987).

rested its case. Nonetheless, the trial court went ahead and granted the State's motion to amend the information.

The trial court instructed the jury on the elements of the crime of attempted murder in the first degree, and on the lesser included offense of attempted murder in the second degree and on attempted assault in the third degree. The jury found the defendant guilty of the crime of attempted murder in the first degree.

The Court of Appeals found the trial court's decision to allow the State to amend the information to add the element of premeditation to be error.[2] The Court of Appeals held that the amendment of an information to charge a greater crime after the State had rested its case is per se prejudicial error under this court's *Pelkey* decision. The Court of Appeals, relying on cases from this court, thereupon dismissed the charge without prejudice to the State's right to refile the charges.

We are here presented with three issues.

## ISSUES

ISSUE ONE. Should the State be permitted to amend the charging document after the State has rested its case in order to add an essential element of the crime which was inadvertently omitted from the document? And in that connection, does the defendant have to show prejudice in order to obtain reversal of a conviction based on a constitutionally insufficient charging document?

ISSUE TWO. When an appellate court's reversal of a conviction is based upon an improper amendment of a charging document, should the charge be dismissed without prejudice to the State's right to refile charges or should this court convict the defendant of a lesser crime than was returned in the jury verdict?

ISSUE THREE. Did the trial court err in admitting the Defendant's incriminating statements because there was insufficient evidence of the corpus delicti of the crime to corroborate these statements?

---

[2]*State v. Vangerpen*, 71 Wn. App. 94, 856 P.2d 1106 (1993).

## DECISION

ISSUE ONE.

CONCLUSION. The State may not amend a criminal charging document to charge a different crime after the State has rested its case in chief unless the amended charge is a lesser degree of the same charge or a lesser included offense.

■ U.S. Const. amend. 6 provides in part: "In all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation; . . .". Const. art. 1, § 22 (amend. 10) provides that "[i]n criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him". Thus, an accused must be in-formed of the criminal charge he or she is to meet at trial and cannot be tried for an offense which has not been charged.[3]

■ We have repeatedly and recently insisted that a charging document is constitutionally adequate only if all essential elements of a crime, statutory and nonstatutory, are included in the document so as to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense.[4] This "essential elements rule" has long been settled law in Washington[5] and is based on the federal and state constitutions and on court rule.[6] Merely citing to the proper statute and naming the offense is insufficient to charge a crime unless the name of the offense apprises the defendant of all of the essential elements of the crime.[7] Error

---

[3]*Auburn v. Brooke*, 119 Wn.2d 623, 627, 836 P.2d 212 (1992); *State v. Irizarry*, 111 Wn.2d 591, 592, 763 P.2d 432 (1988).

[4]*State v. Simon*, 120 Wn.2d 196, 198, 840 P.2d 172 (1992); *Brooke*, 119 Wn.2d at 627; *State v. Sims*, 119 Wn.2d 138, 142, 829 P.2d 1075 (1992); *State v. Johnson*, 119 Wn.2d 143, 147, 829 P.2d 1078 (1992); *State v. Hopper*, 118 Wn.2d 151, 155, 822 P.2d 775 (1992); *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991); *Seattle v. Hein*, 115 Wn.2d 555, 799 P.2d 734 (1990); *State v. Leach*, 113 Wn.2d 679, 687, 782 P.2d 552 (1989).

[5]*Leonard v. Territory*, 2 Wash. Terr. 381, 7 P. 872 (1885); *Brooke*, 119 Wn.2d at 627.

[6]*E.g., Kjorsvik*, 117 Wn.2d at 97; Const. art. 1, § 22 (amend. 10); U.S. Const. amend. 6; CrR 2.1(b). Recent amendment of CrR 2.1 has resulted in some parts of the rule being contained in different numerical sections, but no substantive changes relevant to this case have occurred.

[7]*Brooke*, 119 Wn.2d at 635.

in a numerical statutory citation is not reversible error unless it prejudiced the accused.[8]

■ The instructions in this case properly instructed the jury on all the elements of the crime of attempted murder in the first degree. However, proper jury instructions cannot cure a defective information.[9] Jury instructions and charging documents serve different functions.

Although this court has recently liberalized the standard of review for charging documents which are first challenged on appeal,[10] no decision has questioned the constitutionally mandated rule that all essential elements of a charged crime must be included in the charging document.[11] In this case, the sufficiency of the information was challenged prior to verdict and therefore the liberalized standard of review announced in *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991) does not apply.[12]

With the "essential elements rule" in mind, the issue in the present case is whether the information was amended too late in the trial process. The amendment here occurred after both the State and the Defendant had rested their cases. The amendment of informations is controlled by former CrR 2.1(e)[13] and cases interpreting that rule. Former CrR 2.1(e) states:

[8]Former CrR 2.1(b); now CrR 2.1(a)(1).

[9]*State v. Holt*, 104 Wn.2d 315, 322, 704 P.2d 1189 (1985).

[10]*State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991) held that when the sufficiency of a charging document is first raised on appeal, then it is more liberally construed in favor of validity than if raised before verdict. When the issue is first raised on appeal, the test asks: (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice. The first prong of the test looks to the face of the charging document itself and there must be some language in the document giving at least some indication of the missing element. Because the Defendant in this case challenged the information prior to verdict, this liberalized standard of review is not applicable.

[11]*See, e.g., Kjorsvik*, 117 Wn.2d at 97 (Andersen, J., majority), 113 (Utter, J., dissenting); *Brooke*, 119 Wn.2d at 627.

[12]*Johnson*, 119 Wn.2d at 149; *Kjorsvik*, 117 Wn.2d at 102.

[13]The text of CrR 2.1(e) is now contained in CrR 2.1(d), but the language is identical.

The court may permit any information . . . to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced.

In *State v. Pelkey*, 109 Wn.2d 484, 491, 745 P.2d 854 (1987), this court held that an information may not be amended after the State has rested its case in chief unless the amendment is to a lesser degree of the same crime or a lesser included offense. Any other amendment is deemed to be a violation of the defendant's article 1, section 22 (amendment 10) right to demand the nature and cause of the accusation against him or her. The *Pelkey* majority stated that such a violation *necessarily prejudices* this substantial constitutional right within the meaning of CrR 2.1(e). This court therefore held that the trial court committed reversible error when it allowed a midtrial amendment from the crime of bribery to the crime of trading in special influence.

In *Pelkey*, we pointed out that the amendment of an information to charge a different crime after trial has begun is much more likely to cause prejudice to a defendant than is a pretrial amendment, which should be liberally granted. In *Pelkey*, we explained that all the pretrial motions, voir dire of the jury, opening argument, questioning and cross examination of witnesses are based on the precise nature of the charge alleged in the information.

In *State v. Markle*, 118 Wn.2d 424, 823 P.2d 1101 (1992), the trial court had allowed an amendment of the charge from the crime of statutory rape to indecent liberties after the State had rested its case. The State acknowledged that in *Pelkey* this court held it is automatic reversible error for a trial court to allow the midtrial amendment of an information after the State has rested where the amended charge is a crime that is neither a lesser included offense nor an offense of lesser degree. In *Markle*, the State asked us to overrule *Pelkey* to the extent of that holding. We unanimously declined to overrule *Pelkey* and held that the midtrial amendment was, under *Pelkey*, "reversible error per se even without a defense showing of prejudice". *Markle*, 118 Wn.2d at 437.

In *State v. Schaffer*, 120 Wn.2d 616, 845 P.2d 281 (1993), we declined to find any per se rule prohibiting amendments during the presentation of the State's case. We explained in *Schaffer* that *Pelkey* only prohibits amendments after the State has rested its case because the likelihood of prejudice is so great. We reiterated the bright line *Pelkey* rule in *Schaffer* when we explained that "[t]here is no need to redraw the line established in *Pelkey* to a point earlier in the criminal process." *Schaffer*, 120 Wn.2d at 622.

In this case, the State argues that this court should hold that *Pelkey* does not prevent the State from amending an information when the amendment corrects an omission of a statutory element when the defendant cannot show any prejudice from the amendment. As noted above, we rejected this argument in *Pelkey* and again in *Markle*; we again do so here.[14]

The State argues that the omission of the element of "premeditation" was only a "scrivener's" error and relies on the cases which hold that technical defects can be remedied mid-trial. Convictions based on charging documents which contain only technical defects (such as an error in the statutory citation number or the date of the crime or the specification of a different manner of committing the crime charged) usually need not be reversed.[15] However, omission of an essential statutory element cannot be considered a mere technical error. Sometimes errors made in charging documents are oversights in omitting an element of the crime, but for sound policy reasons founded in our state and federal constitutions, this court has nonetheless consistently adhered to the essential elements rule.[16]

---

[14]*See also Johnson*, 119 Wn.2d at 149.

[15]*Hopper*, 118 Wn.2d at 160; *State v. DeBolt*, 61 Wn. App. 58, 61-62, 808 P.2d 794 (1991); *Pelkey* 109 Wn.2d at 490-91.

[16]*E.g., Simon*, 120 Wn.2d at 197-98 (the omission of the element of knowledge of the victim's age from the information charging first degree promotion of prostitution requires dismissal without prejudice); *Johnson*, 119 Wn.2d at 145 (where the information failed to charge the essential knowledge element of the crime of delivery of a controlled substance, reversal is required even when the defendant

In the present case, the information alleged only intent to cause death, not premeditation. Therefore, the State failed to charge one of the statutory elements of first degree murder and instead included only the mental element required for second degree murder. The State seeks to distinguish *Pelkey* and *Markle* on the basis that in those cases the State sought to change the crime charged after the State had rested, while in this case the State merely seeks to add an essential element. The fallacy in this argument is that by adding an element, the State changed the crime charged from attempted murder in the second degree to attempted murder in the first degree.

This court drew a bright line in *Pelkey*, which we adhered to in *Markle* and in *Schaffer*. The rule that any amendment from one crime to a different crime after the State has rested its case is per se prejudicial error (unless the change is to a lesser included or lesser degree crime) protects the constitutional right of the accused to be informed of the nature of the offense charged.[17] A change in the rule would necessitate a reversal of both *Pelkey* and *Markle* and this we decline to do.

ISSUE TWO.

CONCLUSION. When a conviction is reversed due to an insufficient charging document, the result is a dismissal of charges without prejudice to the right of the State to recharge and retry the offense for which the defendant was convicted or for any lesser included offense.

Since we adhere to our holdings in *Pelkey* and *Markle*, we conclude that the amendment of the information permitted by the trial court was improper, and the Defendant was convicted of a crime for which he had not been charged. The issue then becomes what remedy is appropriate.

---

has suffered no prejudice from its omission); *Leach*, 113 Wn.2d at 691 (the omission of an element of the crime of public indecency mandated dismissal).

[17]As we pointed out in *Kjorsvik*, imposing the responsibility to include all essential elements of a crime on the prosecution should not prove unduly burdensome since the "to convict" instructions found in the Washington Pattern Jury Instructions — Criminal delineate the elements of the most common crimes. *Kjorsvik*, 117 Wn.2d at 102 n.13.

The Defendant contends that because he was charged (albeit inadvertently) with attempted murder in the second degree, he should be sentenced only for that crime. However, the Defendant here was not really charged with attempted murder in the second degree because the charging document was ambiguous on its face. It stated the charge was "attempted murder in the first degree" and cited to the correct statutory citations for that offense, but then it accidentally omitted an element of that crime and thereby inadvertently listed the statutory elements of only attempted murder in the second degree. The document was internally inconsistent and contradictory on its face. And perhaps even more importantly, upon proper instructions for both first and second degree attempted murder, *the jury* found the Defendant guilty of attempted murder in the first degree.

The only case cited by the Defendant for the proposition that this court should find him guilty of a different crime from the one the jury found him guilty of is *State v. Sanders*, 65 Wn. App. 28, 827 P.2d 354, *review denied*, 119 Wn.2d 1024 (1992). That Court of Appeals decision does not support his position. In *Sanders*, the defendant was convicted of the same crime for which he was charged. No relevant precedent is cited for the Defendant's request that this court reverse his conviction for attempted murder in the first degree and find the Defendant guilty of attempted murder in the second degree.

■ The State has submitted supplemental briefing arguing that the appropriate remedy is for this court to remand for entry of a conviction for the crime of attempted second degree murder. No authority or rationale is cited for this conclusion and it is contrary to settled law. A stipulation as to an issue of law is not binding on this court; it is the province of this court to decide the issues of law.[18]

■ We have repeatedly and recently held that the remedy for an insufficient charging document is reversal and dismis-

---

[18]*Folsom v. County of Spokane*, 111 Wn.2d 256, 262, 759 P.2d 1196 (1988).

sal of charges without prejudice to the State's ability to refile charges.[19] In *State v. Simon*, 120 Wn.2d 196, 199, 840 P.2d 172 (1992), we held:

> Reversal and remand for a new trial is not a proper remedy. . . . [o]utright dismissal of the charge is not appropriate either. . . . The proper remedy for a conviction based on a defective information is dismissal without prejudice to the State refiling the information.

We could not express it more clearly. The State has a right to refile a proper information.[20] Dismissal without prejudice has been the consistent remedy imposed for reversible error based on an improper charging document.[21] Of course, the State need not refile charges and may, if it wishes, charge only attempted murder in the second degree. In this case, where the State and the Defendant both agree that the charge should be attempted second degree murder, the State can certainly accept a plea of guilty to such a charge based on a proper charging document. It is incomprehensible why the State would now change its position, as it seems to suggest, and now agree that it lacks the ability to recharge the crime it originally intended to charge. While that might be an acceptable result in this case, it certainly would not be in many situations. We reiterate that there is no legal impediment to recharging the Defendant with the crime that he was convicted of in this case. This case is like most others where an error of law mandates a reversal of criminal charges. As the United States Supreme Court explains:

---

[19]There is no double jeopardy bar to retrial after a reversal necessitated by a defective charging document. *Auburn v. Brooke*, 119 Wn.2d 623, 639, 836 P.2d 212 (1992); *State v. Markle*, 118 Wn.2d 424, 823 P.2d 1101 (1992) (citing *State v. Irizarry*, 111 Wn.2d 591, 596, 763 P.2d 432 (1988)); *Montana v. Hall*, 481 U.S. 400, 404, 95 L. Ed. 2d 354, 107 S. Ct. 1825 (1987); *Lee v. United States*, 432 U.S. 23, 30-33, 53 L. Ed. 2d 80, 97 S. Ct. 2141, 2146-47 (1977).

[20]*Simon*, 120 Wn.2d at 199-200.

[21]*E.g., State v. Valdobinos*, 122 Wn.2d 270, 283, 858 P.2d 199 (1993); *Brooke*, 119 Wn.2d at 639; *Markle*, 118 Wn.2d at 440-41; *State v. Anderson*, 96 Wn.2d 739, 742, 638 P.2d 1205, *cert. denied*, 459 U.S. 842 (1982); *see also State v. Holt*, 104 Wn.2d 315, 321, 704 P.2d 1189 (1985); *In re Richard*, 75 Wn.2d 208, 211, 449 P.2d 809 (1969).

"The principle that [the Double Jeopardy Clause] does not preclude the Government's retrying a defendant whose conviction is set aside because of an *error in the proceedings* leading to conviction is a well-established part of our constitutional jurisprudence."

*Burks v. United States*, 437 U.S. 1, 14, 57 L. Ed. 2d 1, 98 S. Ct. 2141, 2149 (1978) (quoting *United States v. Tateo*, 377 U.S. 463, 465, 12 L. Ed. 2d 448, 84 S. Ct. 1587 (1964)).

The Court there concluded as follows:

In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, . . . When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, *just as society maintains a valid concern for insuring that the guilty are punished.*

(Italics ours.) *Burks*, 437 U.S. at 15.

We decline the invitation to find the Defendant guilty of attempted murder in the second degree, because that is not the crime which *the jury* found the Defendant had committed. In a case where there is sufficient evidence to support the jury's verdict, as the trial court ruled there was here, it would be a usurpation of the jury's function for an appellate court to find the Defendant guilty of a different crime from that returned in the jury's verdict. Additionally, it would result in overruling the recent cases from this court discussed above. If we were to remand for imposition of a conviction of attempted murder in the second degree, it would set a troublesome precedent. If we were to so rule, then in a future case, no matter how serious the crime, if the charging document omitted one or more elements of a more serious crime and inadvertently listed only the elements of a minor crime, the appellate court would have to remand for imposition of a sentence for only the minor crime. No precedent has been cited or located for such a result. This court and the United States Supreme Court have consistently held that the State is not foreclosed from refiling charges when a

conviction is reversed because of an insufficient charging document.[22]

Additionally, it is possible for a charging document to inadvertently omit one or more elements of the crime sought to be charged and succeed in charging no crime at all. In that case, under existing law, the defendant could be recharged with the crime originally sought to be charged.[23] It would result in an anomalous situation if we accepted the request that the Defendant be convicted of only attempted murder in the second degree in this case. In future cases, an information which happened to charge a lesser crime than intended by the State would result in the defendant being sentenced only on the lesser crime. However, a reversal of a conviction based on an information which charged no crime at all would result in a dismissal that allowed the State to refile corrected charges. We cannot countenance such an anomalous result. We refuse the Defendant's request to remand this case for imposition of sentence for the crime of attempted murder in the second degree. Rather, we reverse the Defendant's conviction and dismiss the charges without prejudice to the right of the State to recharge and retry if it so chooses.

Issue Three.

Conclusion. There was sufficient evidence of the corpus delicti of the crime of attempted murder in the first degree to allow the admission of the inculpatory statements of the Defendant.

The Defendant argues that the trial court erred in admitting his incriminating statements because there was insufficient evidence of the corpus delicti of the crime to corroborate his statements. We find no merit in this contention.

---

[22]*Brooke*, 119 Wn.2d at 639; *Montana v. Hall*, 481 U.S. 400, 95 L. Ed. 2d 354, 107 S. Ct. 1825 (1987); *see also Lee*, 432 U.S. at 30 (defendant's retrial after dismissal of a defective information during trial did not violate the double jeopardy clause; dismissal based upon an insufficient information was functionally indistinguishable from a mistrial which is consistent with reprosecution).

[23]*E.g., Brooke*, 119 Wn.2d at 639.

■ A confession or admission, standing alone, is insufficient to establish the corpus delicti of a crime. The corpus delicti rule was established to protect a defendant from the possibility of an unjust conviction based upon a false confession alone.[24] In *State v. Smith*, 115 Wn.2d 775, 801 P.2d 975 (1990), we reiterated the corpus delicti rule:

> The confession of a person charged with the commission of a crime is not sufficient to establish the *corpus delicti*, but if there is *independent proof* thereof, such confession may then be considered in connection therewith and the *corpus delicti* established by a combination of the independent proof and the confession.
>
> The independent evidence need not be of such a character as would establish the *corpus delicti* beyond a reasonable doubt, or even by a preponderance of the proof. *It is sufficient if it prima facie establishes the corpus delicti.*

*Smith*, 115 Wn.2d at 781 (quoting *Bremerton v. Corbett*, 106 Wn.2d 569, 574-75, 723 P.2d 1135 (1986)). "Prima facie", in this context, means that there is evidence of sufficient circumstances which would support a logical and reasonable inference of the facts sought to be proved. The independent evidence need not have been sufficient to support a conviction or even to send the case to the jury.[25]

■ In a charge of attempted murder in the first degree, the corpus delicti can be established by evidence that a substantial step was taken to criminally end someone's life.[26] Conduct is a substantial step if it is strongly corroborative of the actor's criminal purpose.[27] In this case the trial court and the Court of Appeals correctly concluded that the act of reaching quickly toward the loaded, cocked, concealed gun is strongly corroborative of an attempt to fire the gun with an intent to end the officer's life.

---

[24]*Bremerton v. Corbett*, 106 Wn.2d 569, 576, 723 P.2d 1135 (1986).

[25]*Corbett*, 106 Wn.2d at 578; *State v. Smith*, 115 Wn.2d 775, 781, 801 P.2d 975 (1990).

[26]*Smith*, 115 Wn.2d at 782.

[27]*Smith*, 115 Wn.2d at 782 (quoting *State v. Workman*, 90 Wn.2d 443, 452, 584 P.2d 382 (1978)).

In sum: the Court of Appeals decision to reverse the conviction and dismiss without prejudice to the State's right to refile the charge of attempted murder in the first degree is affirmed; the Court of Appeals decision that the evidence was sufficient to establish the corpus delicti of attempted murder in the first degree and, therefore, that the Defendant's inculpatory statements were properly admitted into evidence is also affirmed.

DURHAM, C.J., UTTER, DOLLIVER, SMITH. GUY, JOHNSON, and MADSEN, JJ., and BRACHTENBACH, J. Pro Tem., concur.

Reconsideration denied March 16, 1995.