IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35449-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CARLOS NEGRETE, JR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Carlos Negrete, Jr., appeals his Okanogan County conviction for manufacture of marijuana with a school zone enhancement. He contends the amended information was constitutionally defective because it failed to allege as an essential element of the crime that his actions were not in compliance with certain statutory exceptions for lawful marijuana activity. We affirm.

FACTS AND PROCEDURAL HISTORY

We recount only the limited facts and procedural history necessary to address Mr. Negrete's arguments on appeal. The State charged Mr. Negrete with one count of manufacture of marijuana with a school zone enhancement under RCW 69.50.401(1) and RCW 69.50.435. The State's amended information alleged:

On or about July 17, 2016 in the County of Okanogan, State of Washington, the above-named Defendant, as principal or accomplice, did knowingly

> manufacture a controlled substance, to-wit: marijuana; contrary to Revised Code of Washington 69.50.401(1) and furthermore, the commission of said crime took place (1) in a school; and/or (2) on a school bus; and/or (3) within one thousand feet of a school bus stop route designated by the school district; and/or (4) within one thousand feet of the perimeter of the school grounds; contrary to Revised Code of Washington 69.50.435.

Clerk's Papers (CP) at 25.

The case proceeded to a jury trial. The to-convict jury instruction required the State to prove "beyond a reasonable doubt: "(1) That on or about July 17, 2016, the defendant, or one with whom he was an accomplice, manufactured a controlled substance, to wit: marijuana; (2) That the defendant knew that the substance was a controlled substance, to wit: marijuana; and (3) That this act occurred in the State of Washington." CP at 14. The jury returned a verdict of guilty and also found by special verdict that Mr. Negrete committed the offense within one thousand feet of the perimeter of a school ground. He appeals.

## DISCUSSION

Mr. Negrete's sole claim on appeal is that the amended information, charging manufacture of marijuana, was constitutionally defective because it did not allege as an essential element of the crime his noncompliance with the statutory exceptions for lawful marijuana activities referenced in RCW 69.50.401(3).

2

Under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution, an individual charged with a crime has the right to know the charges against him. *State v. Johnson*, 180 Wn.2d 295, 300, 325 P.3d 135 (2014). An information is constitutionally adequate "only if all essential elements of a crime, statutory and nonstatutory, are included in the document so as to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense." *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). When, as here, the defendant challenges the charging document for the first time on appeal, we construe it liberally to determine whether the necessary elements appear in any form, or by fair construction, are found on the face of the document. *State v. Kjorsvik*, 117 Wn.2d 93, 105, 812 P.2d 86 (1991). We review the sufficiency of a charging document de novo. *Johnson*, 180 Wn.2d at 300.

Mr. Negrete's arguments require us to ascertain the meaning of portions of RCW 69.50.401 and related statutory provisions. Statutory interpretation is a question of law that we review de novo. *State v. Schultz*, 146 Wn.2d 540, 544, 48 P.3d 301 (2002). When interpreting a statute, our fundamental objective is to determine and give effect to the intent of the legislature. *State v. Sweany*, 174 Wn.2d 909, 914, 281 P.3d 305 (2012). When possible, we derive legislative intent solely from the plain language enacted by the

3

legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole. *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013).  If the statute's plain language is unambiguous, our inquiry is at an end.  *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007); *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003) (Court "cannot add words or clauses to unambiguous statute when the legislature has chosen not to include that language.").

RCW 69.50.401 provides in relevant part:

> (1) *Except as authorized by this chapter*, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.
> . . . .
> (3) The production, manufacture, processing, packaging, delivery, distribution, sale, or possession of marijuana in compliance with the terms set forth in RCW 69.50.360, 69.50.363, or 69.50.366 shall not constitute a violation of this section, this chapter, or any other provision of Washington state law.

(Emphasis added).  The referenced statutes in subsection (3) pertain to certain legally authorized activities of marijuana retailers (.360), processors (.363), and producers (.366). As the State contends, those are plainly exceptions to the proscribed criminal conduct in subsection (1) and provide a basis for a person to defend against charges or claim exemption from prosecution.

4

Mr. Negrete nevertheless contends the referenced statutes are not merely affirmative defenses because no language in RCW 69.50.401(3) labels them as such, whereas the legislature will expressly designate something an affirmative defense when it intends to include one in a statute. To illustrate, Mr. Negrete cites the statute for physical control of a vehicle while under the influence of intoxicating liquor or any drug (RCW 46.61.504), which in subsection (3) states "[i]t is an affirmative defense to a violation of subsection (1) . . . ." RCW 46.61.504(3)(a), (b). In contrast, with no mention of the term "affirmative defense" in RCW 69.50.401, Mr. Negrete contends the statute's language is clear that, in order to pursue a conviction for manufacturing marijuana, the State must prove as an essential element the defendant's noncompliance with RCW 69.50.360, .363 and .366. The argument fails.

Mr. Negrete's analysis overlooks RCW 69.50.506(a), which unambiguously relieves the State of any burden to charge or prove any of the exceptions contained within chapter 69.50 RCW. The statute provides:

> *It is not necessary for the state to negate any exemption or exception in this chapter in any* complaint, *information*, indictment, or other pleading or in any trial, hearing, or other proceeding under this chapter. *The burden of proof of any exemption or exception is upon the person claiming it.*

RCW 69.50.506(a) (emphasis added).

As discussed, the plain reading of RCW 69.50.401(1) and (3) confirms that the

No. 35449-1-III
*State v. Negrete*

marijuana activities authorized in RCW 69.50.360, .363 and .366 are exceptions to what constitutes criminal conduct. Under the unambiguous language of RCW 69.50.506(a), it follows that these exceptions are not an essential element of which the State must allege the defendant's noncompliance in a charging document, but are in the nature of defenses that the defendant must prove.

The elements of manufacture of marijuana are: (1) the defendant manufactured marijuana, (2) the defendant knew the substance manufactured was marijuana, and (3) the act occurred in the State of Washington. Here, the amended information clearly included each of these elements and was sufficient to allow Mr. Negrete to prepare a defense. There is no error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, C.J.                        Siddoway, J.

6