[No. 6615–1. Division One. June 18, 1979.]

*In the Matter of the Welfare of*
RICHARD LEE SHOPE.

*Robert Olson* and *Wilford A. Anderson* of *Seattle–King County Public Defender Association,* for appellant.

568

*Norm Maleng, Prosecuting Attorney,* and *Mark P. Worcester, Deputy,* for respondent.

FARRIS, J.—Richard Lee Shope, born August 16, 1961, appeals a juvenile court determination of delinquency entered upon a finding that he was guilty of indecent liberties in violation of RCW 9A.88.100(1)(b).[1] It is undisputed that he had oral intercourse with his 12–year–old cousin on February 10, 1978. The fact finding hearing was held to determine the circumstances of that incident.

Error is assigned to the court's refusal to hear testimony of two defense witnesses who allegedly would have refuted the victim's testimony that he had never been involved in street hustling or appeared in public while dressed in "drag." Richard contends that the requirement that the State prove he knowingly caused the sexual contact required the State to prove that he initiated the activity. He therefore argues that the court should have heard the excluded testimony because it would have tended to show that the alleged victim initiated the contact. We reject the argument.

██ The purpose of RCW 9A.88.100(1)(b) is to protect children under 14 years of age from sexual contacts. The words "knowingly causes" do not require that the defendant "initiate" the sexual contact. The question is whether he knowingly did acts that resulted in a sexual contact with a person younger than 14 years old. Nothing more is required. Richard's testimony, if believed, was sufficient to establish his violation of the statute.

The purported testimony of the excluded witnesses would not have affected the result. Whether at another time and place the victim acted in a manner from which a

---

[1] RCW 9A.88.100(1)(b) provides:

"A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another;

". . .

"(b) When the other person is less than fourteen years of age; . . ."

trier of fact might infer that he would initiate or participate in homosexual activity is not pertinent here.

 Questions of relevancy and the admissibility of evidence are within the discretion of the trial court subject to review for manifest abuse of discretion. *Seattle v. Apodaca,* 18 Wn. App. 802, 572 P.2d 732 (1977); *State v. Grant,* 9 Wn. App. 260, 511 P.2d 1013 (1973). To the extent that the excluded testimony was an attempt to impeach the credibility of the victim, it was properly refused as immaterial and collateral to the principal issue. *State v. Stamm,* 16 Wn. App. 603, 559 P.2d 1 (1976).

Affirmed.

WILLIAMS and RINGOLD, JJ., concur.