[No. 13879-4-II.   Division Two.   January 6, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. EUGENE D. HUDSPETH, *Appellant*.

---

*John R. Kramer, Colleen A. Grady,* and *Douglas Sulkosky Law Office,* for appellant.

*Nelson E. Hunt, Prosecuting Attorney,* for respondent.

ALEXANDER, J. — Eugene D. Hudspeth, alleging numerous errors, appeals his conviction on two counts of child molestation in the first degree. We reverse because we are unable to determine if the acts of Hudspeth, upon which the jury based its guilty verdict, occurred before or after the effective date of the statute upon which the charges were based.

An information was filed in Lewis County Superior Court charging Eugene D. Hudspeth with one count of child molestation in the first degree. The information was amended on September 12, 1989, to charge three additional counts of first degree child molestation. It was alleged in counts 3 and 4 of the amended information, the counts relevant to this appeal, that Hudspeth had violated RCW 9A.44.083 (child molestation in the first degree) and that the offenses occurred between May 1, 1989, and August 31, 1989. The amended information was later orally amended

to indicate that the offenses charged in counts 3 and 4 occurred between May 1 and August 31, 1988.

At trial, the child victim testified that Hudspeth had twice, on the same day, stuck his hand down her pants and touched what she called her "private spot". The child's mother testified that the girl told her what Hudspeth had done and demonstrated to her how the touching took place.

Detective Birley testified at trial to his interrogation of Hudspeth. He said that Hudspeth denied some of the accusations and admitted the possibility that others may have occurred. Birley said that Hudspeth claimed that he had "blackouts", during which he could not be certain of things he had done. Hudspeth testified and indicated that he had not touched anyone and his statement to Birley was just a story "concocted because [he] figured that's what [Birley] wanted to hear".

A jury found Hudspeth guilty of the offense charged in counts 3 and 4. He moved to arrest judgment and for new trial and these motions were denied.

We need only discuss one of Hudspeth's assignments of error, because it is dispositive of the appeal. Hudspeth argues that his rights under the United States and Washington Constitutions[1] were violated when he was charged and convicted under a statute which was not in effect at the time the crime was alleged to have occurred. As noted above, Hudspeth was charged in counts 3 and 4 of the amended information with violations of RCW 9A.44.083.[2] That statute provides:

---

[1]U.S. Const. art. 1, § 10 provides, in part, that:

"No state shall . . . pass any bill of attainder, ex post facto laws, or law impairing the obligation of contracts . . .". Article 1, section 23 of the Washington State Constitution provides that:

"No bill of attainder, ex post facto law, or law impairing the obligations of contracts shall ever be passed."

[2]Count 3, as finally amended, alleges as follows: "I, the Prosecuting Attorney aforesaid, further do accuse the defendant of the crime of Child Molestation in the First Degree . . . which is a violation of RCW 9A.44.083, the maximum penalty for which is 10 years and/or $20,000, in that the defendant during a period of time intervening May 1, 1988 and August 31, 1988, in Lewis County,

(1) A person is guilty of child molestation in the first degree when the person has sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

RCW 9A.44.083 was adopted in 1988 and was effective on July 1, 1988. Laws of 1988, ch. 145, §§ 5, 26. It is clear, as Hudspeth points out, that RCW 9A.44.083 was not in effect during the entire period charged in the information, to wit: May 1 to August 31, 1988. Because the jury was not instructed to indicate when the offenses occurred, we cannot reject the possibility that Hudspeth was convicted of violating a statute that was not in effect at the time the offenses occurred. He argues that this is a classic application of an ex post facto law.

The United States Supreme Court has ruled that the ex post facto protection provided by U.S. Const. art. 1, § 10 is violated when the law changes the legal consequences of acts completed before its effective date. *Weaver v. Graham*, 450 U.S. 24, 31, 67 L. Ed. 2d 17, 101 S. Ct. 960, 965 (1981). The Washington Supreme Court, considering both Const. art. 1, § 23 and U.S. Const. art. 1, § 9, has determined that:[3]

A law violates the ex post facto prohibition if it aggravates a crime or makes it greater than it was when committed; permits imposition of a different or more severe punishment than was permissible when the crime was committed; or, changes the legal rules to permit less or different testimony to convict the offender than was required when the crime was committed.

*State v. Edwards*, 104 Wn.2d 63, 70-71, 701 P.2d 508 (1985).

The State concedes the problem, but contends that the error is not a manifest error affecting a constitutional right.

---

Washington, then and there did engage in sexual contact with and was at least thirty six (36) months older than a female child, DOB: October 10, 1982, a person who was less than twelve years of age and not married to the defendant." Count 4 was virtually identical to count 3.

[3]U.S. Const. art. 1, § 9, applying to the federal government, is similar to U.S. Const. art. 1, § 10. It provides that: "No bill of attainder or ex post facto law shall be passed."

*See State v. Scott*, 110 Wn.2d 682, 757 P.2d 492 (1988). The State emphasizes that Hudspeth must have known of the statutory problem, yet chose to ignore it by not calling it to the attention of the court. This knowledge, it argues, is evidenced by Hudspeth's motion to set aside the verdict, a motion he made less than 2 weeks after the verdict was rendered.

The State's argument rests on an unstable foundation. We do not know from the record that Hudspeth or his counsel were aware of the problem and simply chose to ignore it. Counsel for the State admits that the State failed to discover the error in the charging document, and we accept that explanation. We will not assume that defense counsel was more or less vigilant than the State's counsel. The simple fact is that Hudspeth was charged with, and convicted of, violating a statute which may not have been in effect at the time the violations occurred. In our judgment, the application of RCW 9A.44.083 to conduct that may have occurred before the effective date of that statute runs afoul of provisions of the United States and Washington Constitutions regarding the passage of ex post facto laws.

The State argues, additionally, that the ex post facto problem is cured by the fact that evidence was presented to the jury that established Hudspeth's guilt under RCW 9A.44.100, the indecent liberties statute that was in effect before July 1, 1988, the effective date of RCW 9A.44.083. At the time material to this case, former RCW 9A.44.100 provided:

> (1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:
> (a) By forcible compulsion; or
> (b) When the other person is less than fourteen years of age; or
> (c) When the other person is less than sixteen years of age and the perpetrator is more than forty-eight months older than the person and is in a position of authority over the person; . . . [4]

---

[4]RCW 9A.44.100 was subsequently modified, with an effective date of July 1, 1988, and has no relevant bearing on the present case. In essence, the amended version omits the age provisions.

We cannot reach the conclusion that Hudspeth would have been found guilty of violating that statute. Knowledge is an essential element of RCW 9A.44.100. It has been omitted as an element in RCW 9A.44.083. Here, the jury was not instructed on, nor do we know that it would have found, the element of knowledge. It is worth noting in this regard, that the jury heard evidence that Hudspeth occasionally experienced blackouts, during which he was unaware of his actions. This could have affected whether or not the element of knowledge was proved. Because the jury was not instructed on all of the elements of former RCW 9A.44.100, it is speculative to say that the jury would have found a violation of that statute.

Reversed.

MORGAN, J., and WORSWICK, J. Pro Tem., concur.