804

[No. 34280-4-II.   Division Two.   May 30, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY S. ZIEGLER, *Appellant*.

*Lisa E. Tabbut*, for appellant.

*Arthur D. Curtis*, *Prosecuting Attorney*, and *Michael C. Kinnie*, *Deputy*, for respondent.

¶1 PENOYAR, J. — Jeffrey Ziegler was convicted of three counts of first degree child rape and three counts of first degree child molestation. He appeals the three convictions that followed midtrial amendments to the charges that altered one first degree child rape charge to first degree child molestation and added two new child rape charges. The amendments occurred before the State rested its case

in chief. On appeal, Ziegler argues that his constitutional right to notice of the charges pending against him was violated because the trial court allowed the State to file the amended information midtrial, after the victims had testified. We reverse the two new child rape charges because the addition of them midtrial prejudiced Ziegler. The conviction for the child rape charge that was amended to child molestation is affirmed because there was no resulting prejudice. We remand to the trial court for proceedings consistent with this opinion, including resentencing.

## FACTS

¶2 Ziegler married I.S. and M.S.'s mother in 2002, and before marriage he lived with the three of them. I.S. was born on March 28, 1995, and M.S. was born on February 9, 1994.

¶3 On May 3, 2005, the mother reported that Ziegler sexually abused I.S. and M.S. Ziegler was charged in the original information with one count of first degree child rape and one count of first degree child molestation for each child based on incidents of repeated sexual abuse between December 1, 2004 and May 1, 2005.

¶4 At trial, I.S. testified that Ziegler had performed a number of different acts that meet the statutory definition of "sexual intercourse" or "sexual contact."[1] M.S. also testified at trial, describing two instances where Ziegler touched her inappropriately, but M.S. did not testify to any acts of penetration.

---

[1] RCW 9A.44.010 states that:

(1) "Sexual intercourse" (a) has its ordinary meaning and occurs upon any penetration, however slight, and

(b) Also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and

(c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex.

(2) "Sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party.

¶5 After I.S. and M.S. testified, the State moved to amend the information, arguing that, under CrR 2.1, it was permitted to amend the information at any time before the verdict if the defendant's substantial rights were not prejudiced. The State argued that because children's testimony is unpredictable and is not always consistent with pretrial interviews, it should be able to amend the information to reflect I.S.'s and M.S.'s trial testimonies.

¶6 The trial court granted the State's motion. The first degree child rape charge involving M.S. was amended to a first degree child molestation and two first degree child rape charges involving I.S. were added. The amendments occurred before the State rested.

¶7 The jury convicted Ziegler on all charges. Ziegler appeals only the amended charges.

## ANALYSIS

¶8 Ziegler argues that his constitutional right to be notified of the charges he faced under article I, section 22 of the Washington Constitution was violated because the State altered and added new charges during trial. Relying on *State v. Pelkey*, 109 Wn.2d 484, 745 P.2d 854 (1987), Ziegler argues that amending or adding charges during trial is a per se violation of the constitution unless the amendment contains a lesser included offense or is an inferior charge under RCW 10.61.003.[2] Ziegler asserts that neither exception applies here.

¶9 The State counters that the amendment was permitted under CrR 2.1(d)[3] because it did not prejudice Zeigler's

---

[2] RCW 10.61.003 deals with inferior degrees and attempt and does not apply here. ("Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense.")

[3] CrR 2.1(d) provides that:

The court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced.

substantial rights. It asserts that an amendment was necessary because of the nature of the charges, I.S.'s and M.S.'s ages, and the uncertainty about what the children would testify to at trial. Relying on *State v. Schaffer*, 120 Wn.2d 616, 845 P.2d 281 (1993), the State argues that *Pelkey's* per se rule applies only after the State rests its case. It argues that, because the amendment was requested *during* the State's case, not *after* the State rested, *Pelkey* does not apply. The State asserts that because Ziegler did not request a continuance, he failed to establish sufficient prejudice under CrR 2.1(d).

I. Standards of Review

¶10 A trial court's decision to allow the State to amend the charge is reviewed for abuse of discretion. *State v. Haner*, 95 Wn.2d 858, 864, 631 P.2d 381 (1981). It is fundamental that an accused must be informed of the charge he is to meet at trial and cannot be tried for an offense not charged. *State v. Carr*, 97 Wn.2d 436, 439, 645 P.2d 1098 (1982); *State v. Lutman*, 26 Wn. App. 766, 767, 614 P.2d 224 (1980). Under the criminal court rules, a trial court may allow the amendment of the information at any time before the verdict as long as the "substantial rights of the defendant are not prejudiced." CrR 2.1(d).[4] While the rule permits liberal amendment, it is tempered by article I, section 22 of the Washington Constitution, which requires that the accused be adequately informed of the charge to be met at trial. *Pelkey*, 109 Wn.2d at 487-90.

II. Amendment of Child Rape to Child Molestation

¶11 In *Pelkey*, our Supreme Court addressed amendment after the State had presented its case in chief and in that context created a bright-line rule to resolve the tension between the court rule allowing liberal amendment and the constitutional imperative requiring the accused be adequately informed of the charge to be met at trial. *Pelkey*,

---

[4] Formerly CrR 2.1(e) (1986).

109 Wn.2d at 491. It decided a "criminal charge may not be amended after the State has rested its case in chief unless the amendment is to a lesser degree of the same charge or a lesser included offense." *Id*. An amendment under these circumstances is reversible error per se, and the defense is not required to show prejudice. *State v. Markle*, 118 Wn.2d 424, 437, 823 P.2d 1101 (1992).

¶12 In *Schaffer*, the Supreme Court specifically declined to expand the reach of *Pelkey*'s per se rule to embrace amendments during the State's case in chief. *Schaffer*, 120 Wn.2d at 619-20. Washington courts consistently hold that "*Pelkey* only prohibits amendments after the State has rested its case because the likelihood of prejudice is so great." *State v. Vangerpen*, 125 Wn.2d 782, 790, 888 P.2d 1177 (1995); *Schaffer*, 120 Wn.2d at 619-20; *see also State v. Phillips*, 98 Wn. App. 936, 940-41, 991 P.2d 1195 (2000) (finding that the State may amend the information to correct a defect before the State rests); *State v. Murbach*, 68 Wn. App. 509, 843 P.2d 551 (1993) (allowing amendment of charges where it occurred before the State rested and there was no prejudice); *State v. Wilson*, 56 Wn. App. 63, 782 P.2d 224 (1989); *State v. Brown*, 55 Wn. App. 738, 780 P.2d 880 (1989). Our Supreme Court reasoned that " '[t]here is no need to redraw the line established in *Pelkey* to a point earlier in the criminal process.' " *Vangerpen*, 125 Wn.2d at 790 (alteration in original) (quoting *Schaffer*, 120 Wn.2d at 622).

¶13 Ziegler argues that *Pelkey*'s rule should apply to all amendments to information regardless of when they occur during trial. Consistent with our Supreme Court, we decline to extend the per se rule of *Pelkey* to apply before the State rests its case. Here, the amendments to the information came before the State rested its case in chief. The *Pelkey* rule does not apply.

¶14 Where the *Pelkey* rule does not apply, the defendant has the burden of demonstrating prejudice under CrR 2.1(d). *State v. Brown*, 111 Wn.2d 124, 761 P.2d 588 (1988); *State v. Hakimi*, 124 Wn. App. 15, 26-27, 98 P.3d 809 (2004).

In the present case, the trial court allowed the State to amend the first degree child rape charge involving M.S. to first degree child molestation. Ziegler must demonstrate prejudice resulting from this amendment. *Pelkey*, 109 Wn.2d at 490; *State v. James*, 108 Wn.2d 483, 486, 739 P.2d 699 (1987).

¶15 Division One of our court held that there was no prejudice where a charge was amended from child rape to child molestation during the State's case in chief. *State v. Aho*, 89 Wn. App. 842, 849-50, 954 P.2d 911 (1998), *rev'd on other grounds*, 137 Wn.2d 736 (1999). The court reasoned "the critical difference between the main charge of rape and the alternative charge of molestation was whether penetration occurred. We fail to see how, on these facts, either the lack of either additional discovery or a continuance adversely affected [the defendant's] defense." *Aho*, 89 Wn. App. at 849.

¶16 Ziegler's attorney interviewed M.S. and I.S. about the sexual contacts and had access to the police reports which detailed the contacts. Additionally, Ziegler did not request a continuance when the charge was amended. *See Murbach*, 68 Wn. App. at 512 (absence of request for continuance indicated amendment to information was not prejudicial). Under these facts, and where the charge was amended from child rape to child molestation, the lack of additional discovery or a continuance did not adversely affect Ziegler's defense. Ziegler fails to meet his burden of demonstrating prejudice, and we find no abuse of discretion by the trial court's allowing the State to amend the charge. We affirm the child molestation conviction.

III. Amendment Adding Two Child Rape Counts

¶17 The State also added two additional child rape charges not included in the original information. In *Schaffer*, the court was dealing with an amendment that changed the means of committing malicious mischief from burning tires to damaging a mailbox. *Schaffer*, 120 Wn.2d at 620-21. Here, in contrast, the State amended the infor-

mation to charge Ziegler with two additional serious felonies. This was not merely the amendment from one crime to a similar charge. Nor was this an amendment that changed the means of a crime already charged. Adding two child rape charges during trial affected Ziegler's ability to prepare his defense. His trial strategy and plea negotiations with the State would likely have been different had he known there would be two additional child rape charges. The addition of two child rape charges was a violation of Zeigler's right to know of and defend against the State's charges. *Carr*, 97 Wn.2d at 439.

¶18 We hold that the trial court did not err in allowing the midtrial amendment to reduce the child rape charge to child molestation, but that the trial court erred in allowing the State to add two first degree rape charges not included in the original information. We therefore vacate those two convictions and remand to the trial court for proceedings consistent with this opinion, including resentencing.

BRIDGEWATER and QUINN-BRINTNALL, JJ., concur.