# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                              Respondent,<br><br>        v.<br><br>PAMELA JEAN WOODALL,<br><br>                              Appellant. | No.  50953-9-II<br><br><br><br>UNPUBLISHED OPINION |

LEE, A.C.J. — Pamela J. Woodall appeals her possession of stolen mail and second degree possession of stolen property convictions under Kitsap County Superior Court cause number 17-1-00715-1.[1]  She contends the charging information was constitutionally deficient with regard to the possession of stolen mail charge.  She further contends her guilty pleas were not made voluntarily, knowingly, and intelligently because the trial court failed to apprise her of the nature of the offenses before she pleaded guilty.  Woodall also challenges the trial court's imposition of certain legal financial obligations (LFOs).  The State concedes to Woodall's argument with regard to the LFO challenge.

---

[1]  Woodall also challenges several other convictions under separate cause numbers.  However, her notice of appeal solely references cause number 17-1-00715-1.  This court reviews the decision designated in the notice of appeal.  RAP 2.4(a).  For this reason, we do not address Woodall's contentions relating to other unappealed convictions.

We agree the information was constitutionally deficient with regard to Woodall's possession of stolen mail conviction, and we accept the State's concession regarding LFOs. Accordingly, we affirm Woodall's second degree possession of stolen property conviction, reverse her possession of stolen mail conviction, and remand for the trial court for further proceedings consistent with this opinion.

FACTS

After searching Woodall's vehicle pursuant to a search warrant, officers located numerous pieces of mail addressed to multiple different locations and two stolen credit cards. The State charged Woodall with possession of stolen mail and second degree possession of stolen property. For the possession of stolen mail charge, the information states:

> On or about April 25, 2017, in the County of Kitsap, State of Washington, the above-named Defendant did (a) possess stolen mail addressed to three or more different mailboxes; and (b) possess a minimum of ten separate piece [sic] of stolen mail, and, did withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto; contrary to the Revised Code of Washington 9A.56.380(1) and (2).

Clerk's Papers (CP) at 1. The probable cause statement states:

> On 04/25/2017 Suquamish Tribal Police and Kitsap County Sheriff Deputies conducted a traffic stop on Suquamish Way on a vehicle registered to Pamela Woodall. Woodall was driving the vehicle and police knew the passenger had an arrest warrant. A search warrant related to controlled substances and stolen mail was obtained for the vehicle. Upon service of the search warrant, 48 pieces of mail addressed to 19 different addresses in Kitsap County was [sic] recovered from the vehicle. Additionally, two stolen credit cards were recovered from the vehicle. The credit cards had been used after they were stolen with charges in the amount of $777. The credit cards were located above the passenger side sun visor. The mailing insert on which one of the cards would have been affixed was over the driver sun visor. Mail belonging to owners of the credit cards was found on the passenger side floorboard. The owners of the stolen credit cards, Thomas and Jane Reyes, were contacted and provided statements that neither Woodall nor her

passenger, Sherei Butler, should be in possession of the stolen credit cards or mail. On the driver's side floorboard was additional mail which was determined to have been stolen. The mail on the passenger floorboard totaled 14 pieces addressed to 12 different addresses. The stolen mail had been predominately postmarked on 04/21/2017 and would have been delivered between April 21st and April 24th. Over the driver sun visor was personal paperwork belonging to Woodall. At the time of the traffic stop Woodall acknowledged she was the owner of the vehicle.

A search warrant was also obtained for Woodall's cell phone. In one of the text conversations on the phone, Woodall discusses giving a pair of pants taken from a mailbox to another person.

The passenger, Sherei Butler, was arrested on a felony warrant and later interviewed. Butler stated she had no knowledge of the stolen mail.

Probable cause exists to arrest Pamela Woodall for Possession of Stolen Mail and Possessing Stolen Property 2nd Degree.

CP at 5-6.

Woodall decided to plead guilty. At the plea hearing, Woodall informed the trial court that she had read and signed all the documents relating to her plea agreement. In her guilty plea statement, Woodall agreed, "Instead of making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea." CP at 23. She further agreed to use the "Criminal Information" to set forth the elements of the charged offenses. CP at 14. The trial court stated, "[R]ather than writing a statement out, you are agreeing I can read the probable cause. I've read the report. There are facts sufficient to find you guilty." Verbatim Report of Proceedings (VRP) (Aug. 3, 2017) at 5.

Woodall pleaded guilty to both offenses. The trial court then stated, "I accept those pleas. I believe you have made them freely and voluntarily." VRP (Aug. 3, 2017) at 5. The trial court

sentenced Woodall to 22 months. The trial court also imposed LFOs on Woodall, including a criminal filing fee and a deoxyribonucleic acid (DNA) collection fee.

Woodall appeals.

## ANALYSIS

Woodall contends, for the first time on appeal, that the charging information was constitutionally deficient on the possession of stolen mail charge. Woodall also contends her guilty plea on both charges was not voluntarily, knowingly, and intelligently made.

A.    CONSTITUTIONALITY OF CHARGING DOCUMENT

1.    Legal Principles

A defendant has the constitutional right to be informed of the charges against him or her. *State v. Johnson*, 180 Wn.2d 295, 300, 325 P.3d 135 (2014); U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. The State formally gives notice of charges by information, which "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." CrR 2.1(a)(1).

We review the adequacy of a charging document de novo. *Johnson*, 180 Wn.2d at 300. However, when the information is challenged for the first time on appeal, the charging document will be construed " 'quite liberally.' " *State v. Porter*, 186 Wn.2d 85, 89, 375 P.3d 664 (2016) (quoting *State v. Hopper*, 118 Wn.2d 151, 156, 822 P.2d 775 (1992)). We analyze whether the necessary facts appear in any form or, by fair construction, can be found in the charging document, and if the language is vague, we inquire whether there was actual prejudice to the defendant. *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991).

The charging information is constitutionally sufficient if all the essential elements of the crime are included in the document. *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). " 'An essential element is one whose specification is necessary to establish the very illegality of the behavior charged.' " *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013) (internal quotation marks omitted) (quoting *State v. Ward*, 148 Wn.2d 803, 811, 64 P.3d 640 (2003)). The primary purpose of the essential element rule is "to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense." *Vangerpen*, 125 Wn.2d at 787. Definitions of essential elements are not necessary to include. *Porter*, 186 Wn.2d at 94.

If the State fails to allege every essential element of the crime, then the information is deficient and the charge must be dismissed without prejudice. *State v. Nonog*, 169 Wn.2d 220, 226, 237 P.3d 250 (2010).

2. Charging Information for Possession of Stolen Mail Constitutionally Deficient

Woodall argues that the charging information was constitutionally deficient because it failed to set forth all the essential elements of possession of stolen mail. Specifically, she argues that the charging information did not allege "knowledge." Br. of Appellant at 7 We agree.

RCW 9A.56.380(1) states, "A person is guilty of possession of stolen mail if he or she: (a) Possesses stolen mail addressed to three or more different mailboxes; and (b) possesses a minimum of ten separate pieces of stolen mail." "Possesses stolen mail" is defined as "knowingly receive, retain, possess, conceal, or dispose of stolen mail knowing that it has been stolen, and to withhold or appropriate to the use of any person other than the true owner, or the person to whom the mail is addressed." RCW 9A.56.380(2).

Here, the charging information states that Woodall,

did (a) possess stolen mail addressed to three or more different mailboxes; and (b) possess a minimum of ten separate piece [sic] of stolen mail, and, did withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto; contrary to the Revised Code of Washington 9A.56.380(1) and (2).

CP at 1.

Woodall relies on *Porter* to support her argument. In *Porter*, our Supreme Court addressed the argument that Porter's possession of a stolen vehicle conviction should be overturned because the charging document omitted "withhold or appropriate" language, which Porter alleged was an essential element of the offense of possession of a stolen vehicle. 186 Wn.2d at 88.

Porter was charged with unlawful possession of a stolen motor vehicle under RCW 9A.56.068. *Id* at 87-88. That statute reads, "A person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle." RCW 9A.56.068(1) (alteration in original). RCW 9A.56.140(1) defines "possessing stolen property" as "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." This definition is nearly identical to RCW 9A.56.380(2)'s definition of possession of stolen mail.

The charging information in *Porter* alleged that Porter " 'did unlawfully and feloniously *knowingly* possess a stolen motor vehicle,' " but it did *not* state that possession includes " 'to 'withhold or appropriate [stolen property] to the use of any person other than the true owner or person entitled thereto.' " 186 Wn.2d at 88 (emphasis added) (alternation in original) (quoting RCW 9A.56.140(1)). *Porter* held that the charging document was constitutionally sufficient. *Id.* at 94. The court reasoned that the charging document did not need to include RCW 9A.56.140(1)'s

"withhold or appropriate" language because it merely "define[d] and limit[ed] the scope of the essential elements of the crime of unlawful possession of a stolen motor vehicle." *Id*. at 91. The court emphasized that the charging document "sufficiently articulated the essential elements of the crime for which Porter was charged, making further elaboration of what it mean[t] to unlawfully possess stolen property unnecessary." *Id*. at 92.

*Porter* clarified that "the knowledge element of possession of stolen property is an essential element." *Id*. at 93. The court reasoned that Porter's charging document "clearly put Porter on notice" that he was being charged with possessing a stolen motor vehicle that he knew had been stolen. *Id*. Therefore, further elaboration of how a person may "possess" stolen property was unnecessary. *Id*.

Similarly, in *State v. Moavenzadeh*, our Supreme Court reversed a defendant's conviction when an information charging three counts of first degree possession of stolen property "contain[ed] no language which c[ould] fairly be read to allege that [the defendant] knew the property was stolen." 135 Wn.2d 359, 363, 956 P.2d 1097 (1998). The court held that the knowledge element of possession of stolen property is an essential element. *Id*. at 363-64.

Here, the charging information contained no language to allege that Woodall knew the mail was stolen. It simply alleges that Woodall "possess[ed] stolen mail addressed to three or more different mailboxes; and (b) possess[ed] a minimum of ten separate piece [sic] of stolen mail." CP at 1.

Even construing the charging information liberally, it fails to apprise Woodall of the mens rea of possession of stolen mail charge. RCW 9A.56.380(2) requires the possession to be

"knowingly." Knowledge is an essential element of a possession conviction. *Porter*, 186 Wn.2d at 93; *Moavenzadeh*, 135 Wn.2d at 363-64. Therefore, because the charging information failed to allege this essential element, the information is deficient. Accordingly, the possession of stolen mail conviction must be dismissed without prejudice. *Nonog*, 169 Wn.2d at 226.

B.      VALIDITY OF PLEA

Woodall next contends her plea was not made voluntarily, knowingly, and intelligently because she was not informed of the essential elements of the charged offenses. Because we reverse Woodall's possession of stolen mail conviction, we need not address the voluntariness of her guilty plea to that offense. *State v. Smith*, 155 Wn.2d 496, 505, 120 P.3d 559 (2005). As to the voluntariness of her guilty plea to second degree possession of stolen property, we disagree with Woodall.

Before accepting a guilty plea, due process requires the trial court to " 'determin[e] that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea.' " *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.2d 1082 (2008) (quoting CrR 4.2(d)). The defendant is sufficiently informed of the nature of the offense if he or she is advised of the offense's essential elements. *State v. Holsworth*, 93 Wn.2d 148, 153, 607 P.2d 845 (1980).

In a plea hearing, the trial court is not required to orally recite the elements of each crime or the facts that satisfy those elements, and is not required to orally question the defendant to ascertain whether he or she understands the nature of the defense. *See Codiga*, 162 Wn.2d at 924. Instead, the trial court can rely on the written plea agreement if the defendant confirms that he or

she read the agreement and that its statements were true. *Id.* at 923-24. Also, an information detailing the acts and state of mind necessary to constitute the charged crime adequately informs the defendant of the nature of the offense. *In re Pers. Restraint of Montoya*, 109 Wn.2d 270, 278-79, 744 P.2d 340 (1987).

Here, with regard to the charge of second degree possession of stolen property, the information states, "[Woodall] did, knowingly receive, retain, possess, conceal, or dispose of stolen property, knowing that it had been stolen, and did withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto, said property being a stolen access device." CP at 2. Additionally, the statement of probable cause states:

> [T]wo stolen credit cards were recovered from the vehicle. The credit cards had been used after they were stolen with charges in the amount of $777. The credit cards were located above the passenger side sun visor. The mailing insert on which one of the cards would have been affixed was over the driver sun visor. Mail belonging to owners of the credit cards was found on the passenger side floorboard. The owners of the stolen credit cards, Thomas and Jane Reyes, were contacted and provided statements that neither Woodall nor her passenger, Sherei Butler, should be in possession of the stolen credit cards or mail.

CP at 5.

At the plea hearing, Woodall informed the court that she had read and signed all the documents relating to her plea agreement. In her guilty plea statement, Woodall agreed, "Instead of making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea." CP at 23. She further agreed to use the "Criminal Information" to set forth the elements of the offense. CP at 14. In addressing Woodall's plea, the trial court stated, "[R]ather than writing a statement out, you are

agreeing I can read the probable cause. I've read the report. There are facts sufficient to find you guilty." VRP (Aug. 3, 2017) at 5.

Based on the above, Woodall was advised of the essential elements of second degree possession of stolen property. Thus, Woodall was sufficiently informed of the nature of the offense, and her plea was made voluntarily, knowingly, and intelligently with an understanding of the nature of the charge and the consequences of the plea.

C.      LFOs

Woodall requests that we strike the trial court's imposition of certain LFOs; specifically, the $200 criminal filing fee and the $100 DNA collection fee. Woodall relies on recent legislative amendments relating to these LFOs and *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). The State concedes. We agree.

The legislature amended former RCW 36.18.020(2)(h) (2017), prohibiting trial courts from imposing the $200 criminal filing fee on defendants who are indigent at the time of sentencing. LAWS OF 2018, ch. 269, §17; *Ramirez*, 191 Wn.2d at 747. The legislature also amended former RCW 43.43.7541 (2015), authorizing the imposition of a DNA collection fee "unless the state has previously collected the offender's DNA as a result of a prior conviction." LAWS OF 2018, ch. 269, § 18. Our Supreme Court has held that the amendments apply prospectively and are applicable to cases pending on direct review and not final when the amendment was enacted. *Ramirez*, 191 Wn.2d at 747.

Here, there is no dispute that Woodall is indigent and that her DNA has previously been collected. But because we reverse one of Woodall's convictions, she will ultimately be

resentenced and a new judgment and sentence will be entered. On resentence, we instruct the trial court to impose LFOs consistent with the recent legislative amendments and *Ramirez*.

We affirm Woodall's second degree possession of stolen property conviction, reverse her possession of stolen mail conviction, and remand to the trial court for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.<br>Lee, A.C.J.

We concur:

_____<br>Worswick, J.

_____<br>Sutton, J.