**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81836-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MICHAEL JAY STEWART, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Michael Stewart appeals his conviction for failure to register as a sex offender, contending that the Washington Supreme Court's opinion in State v. Peterson, 168 Wn.2d 763, 230 P.3d 588 (2010), which concluded that RCW 9A.44.130 is not an alternative means statute, was decided incorrectly and should be overruled. Stewart also contends that the information did not contain all the essential elements of the crime. We affirm.

## I. FACTS

Stewart was convicted of rape in the first degree in 1988. As a result, he has a lifetime duty to register as a sex offender.

Citations and pin cites are based on the Westlaw online version of the cited material.

In March 2018, Stewart was homeless and living in King County. He registered as a sex offender and the Department of Corrections (DOC) supervised him. On March 14, 2018, Stewart sought DOC approval to move to his mother's address in Pierce County in order to spend time with his dying father. Stewart's mother resided in a room at the Guesthouse Motel in Fife, Washington. The DOC initially granted Stewart permission to live at the location while the DOC investigated its suitability as a residence. He subsequently registered as a sex offender with the Pierce County Sheriff's Department on March 20, 2018, listing the Guesthouse Motel as his residence. At the time of his registration, Stewart was provided with a registration packet that explained that if Stewart moved within the state, he was required to register his new address within three business days of moving.

Stewart resided at the Guesthouse Motel until his community corrections officer (CCO) informed him that the DOC denied this address, and that he needed to return to King County. Stewart temporarily stayed at several different addresses. DOC allowed Stewart to visit his mother at the Guesthouse Motel during the day, but prohibited him from spending the night. Stewart stayed overnight at the Guesthouse Motel from April 15, 2018, to April 18, 2018. Stewart was arrested on April 18, 2018, for violating his community custody and was incarcerated until May 1, 2018.

Upon release, Stewart met with his CCO and said that he would be temporarily staying with his fiancé in Auburn. This was not a DOC approved address for Stewart. The DOC gave Stewart a GPS bracelet and he agreed to register with the King County's Sheriff's Office. GPS showed Stewart at the Auburn location from May 1, 2018, to May 3, 2018, and at two additional locations from May 4, 2018, to May 6, 2018.

-2-

Stewart failed to appear for his scheduled DOC meeting on May 7, 2018, and he cut off his GPS bracelet.

On May 17, 2018, the Fife Police Department performed a sex offender address verification check on Stewart's last registered address at the Guesthouse Motel. Stewart was not residing there. Stewart had not registered in either Pierce or King County subsequent to his March 20, 2018, registration at the Guesthouse Motel.

The State charged Stewart by information with failure to register as a sex offender-third offense between May 9, 2018, and June 5, 2018. At trial, Stewart testified that he did not believe that he had to register in King County because he had previously registered at his fiancé's house in Auburn. He admitted to cutting off his GPS bracelet, and absconding from DOC supervision, but he maintained that he was living with his fiancé.

Stewart stipulated that he was convicted of a class A felony sex offense, that he was required to register as a sex offender for life, including during the charging period, and that he had two or more prior convictions for failing to register as a sex offender. The jury found Stewart guilty of failing to register as a sex offender. The jury also found that Stewart was convicted on at least two occasions of failure to register as a sex offender. The court sentenced Stewart to 57 months of incarceration, the high end of the standard sentencing range. Stewart appeals.

## II. ANALYSIS

### A. Alternative Means Crime

Stewart argues first that failure to register as a sex offender is an alternative means crime that requires a verdict supported by jury unanimity. We disagree.

Criminal defendants in Washington are entitled to a unanimous jury verdict. State v. Ortega-Martinez, 124 Wn.2d 702, 707, 881 P.2d 231 (1994). If "the crime charged can be committed by more than one means, the defendant does not have a right to a unanimous jury determination as to the alleged means used to carry out the charged crime or crimes should the jury be instructed on more than one of those means." State v. Smith, 159 Wn.2d 778, 783, 154 P.3d 873 (2007). But in order to safeguard the defendant's right to unanimity, "substantial evidence of each of the relied-on alternative means must be presented." Smith, 159 Wn.2d at 783.

RCW 9A.44.132 provides in relevant part:

(1) A person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130.

. . . .

(b) If a person has been convicted of a felony failure to register as a sex offender in this state or pursuant to the laws of another state, or pursuant to federal law, on two or more prior occasions, the failure to register under this subsection is a class B felony.

RCW 9A.44.130 sets forth various registration requirements, including deadlines for registration based on an offender's residential status.

Stewart contends that RCW 9A.44.130 is an alternative means statute. Our Supreme Court, however, disagreed in Peterson, holding that failure to register as a sex offender is not an alternative means crime. 168 Wn.2d at 766. While Peterson argued that the crime could be accomplished in different ways, the court held that "the failure to register statute contemplates a single act that amounts to failure to register: the offender moves without alerting the appropriate authority. His conduct is the same—he either

-4-

moves without notice or he does not." Peterson, 168 Wn.2d at 770. Even if different deadlines apply, based on the offender's residential status, the criminal act does not change: moving without registering. Peterson, 168 Wn.2d at 770. We are required to abide by a decision of the Supreme Court and cannot override its precedent. State v. Jussila, 197 Wn. App, 908, 931, 392 P.3d 1108 (2017).

B. Sufficiency of Information

Stewart also contends that the information did not contain all of the essential elements of the crime. Again, we disagree.

To be constitutionally accurate, a charging document must contain all the essential elements of a crime, both statutory and non-statutory, so as to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense. State v. Vangerpen, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). An "essential element is one whose specification is necessary to establish the very illegality of the behavior." State v. Johnson, 119 Wn.2d 143, 147, 829 P.2d 1078 (1992). "When a defendant challenges the sufficiency of a charging document for the first time after verdict, the document must be construed liberally in favor of validity." State v. Taylor, 140 Wn.2d 229, 244, 996 P.2d 571 (2000).

The information provides that:

MICHAEL J. STEWART, in the State of Washington, on or between the 9th day of May, 2018 and the 5th day of June, 2018, did unlawfully, feloniously, having been convicted of a felony sex offense or having been found not guilty by reason of insanity under chapter 10.77 of committing any sex offense, as those offenses are defined by RCW 9A.44.128, and having previously been convicted of a felony failure to register as a sex offender on two or more occasions in this or another state, did knowingly fail to comply with the registration requirements of RCW 9A.44.130 when

required to do so, contrary to RCW 9A.44.132(1)(b), and against the peace and dignity of the State of Washington.

Stewart argues that the information was deficient because it did not specify what provision of RCW 9A.44.130 he violated. This argument relies in part on his rejected alternative means argument. Although the alternative means analysis and essential element analysis are related, they should be analyzed separately. Peterson, 168 Wn.2d at 771.

Stewart relies on State v. Pry, 194 Wn.2d 745, 452 P.3d 536 (2019), to argue that the information was deficient. In Pry, our Supreme Court sets out a two-pronged test to determine if the information gave proper notice: (1) do the necessary facts appear in any form, or by fair construction can they be found on the face of the charging document and, if so, (2) can the defendant show actual prejudice by the inartful language that allegedly caused a lack of notice? 194 Wn.2d 752-53 (citing State v. Kjorsvik, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991)). While we may examine other charged counts when assessing the information, "[w]e do not look past the face of the document—and therefore do not examine items such as statements of probable cause—until the second prong." Pry, 194 Wn.2d at 753.

The essential elements of the crime of failure to register as a sex offender under RCW 9A.44.130 are: (1) prior conviction of a felony sex offense; (2) that the defendant was required to register in Washington during the time period at issue; and (3) that the defendant knowingly failed to comply with the registration requirement. State v. Bennett, 154 Wn. App. 202, 206-08, 224 P.3d 849 (2010). See also 11 WASHINGTON

PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 49C.02 (4th ed. 2016) (WPIC).

The information here, on its face or by fair construction, includes all the essential elements. To wit: Stewart was previously convicted of a felony offense; that he was required to register between May 9 and June 5, 2018; and he knowing failed to do so. The information satisfies the first prong of Pry. Moreover, even if the language was somehow inartful, under the second prong of Pry, the declaration for determination of probable cause provided sufficient notice of how Stewart specifically violated RCW 9A.44.130 that the information lacked. The declaration provided that Stewart was last registered at the Guesthouse Motel, but when Fife police attempted to verify that he was living there, hotel management informed them that Stewart's mother had checked out on May 1, 2018, that Stewart had never been a registered guest there, and the motel employees had not seen Stewart since his mother had checked out. The declaration also provided that "under Washington law, offenders who move or lack a fixed residence are required to register within three business days of moving or ceasing to have a fixed residence." See RCW 9A.44.130(4)(a)(vi). For these reasons, the information gave Stewart sufficient notice of which provision he violated under the statute.

Affirmed.

_____Mann, C.J._____

WE CONCUR:

_____Andrus, A.C.J._____          _____Leach, J._____

Pro Tempore